# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2201
_____

| | | |
|---|---|---|
| Rashid Halabi, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | On Petition for Review of a |
| v. | * | Decision of the Board of |
| | * | Immigration Appeals. |
| John D. Aschroft, Attorney | * | |
| General of the United States, | * | [PUBLISHED] |
| | * | |
| Respondent. | * | |
| | * | |

_____

Submitted: November 8, 2002
Filed: January 21, 2003
_____

Before MCMILLIAN and MELLOY, Circuit Judges, and FRANK,[1] District Judge.
_____

PER CURIAM.

In this immigration case the petitioner, Rashid Halabi, a native and citizen of Israel, seeks review of a final order of removal issued by the Board of Immigration Appeals ("the Board") on April 16, 2002. In its order, the Board affirmed the Immigration Judge's findings that the petitioner should be removed from the United

_____

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

States under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant who remained in the United States for a time longer than authorized. The Board also affirmed the Immigration Judge's finding that the petitioner was ineligible for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b. The latter finding was based on a determination that the petitioner could not demonstrate ten years' continuous physical presence in the United States and that his deportation would not result in exceptional and extremely unusual hardship to any qualifying person. See 8 U.S.C. § 1229b(b)(1)(A) and (D).

Although the petitioner timely appealed the Board's order,[2] his appeal brief does not raise any substantive challenge to the merits of the order. Instead, the petitioner's brief addresses only a pending motion to reopen that he allegedly filed with the INS relating to a recent marriage and attempted change of status. The petitioner's administrative remedies concerning the motion to reopen are not exhausted. See INA § 242(b)(9), 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."); INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (conditioning judicial review of final orders of removal on aliens' "exhaust[ion of] all administrative remedies available to [them] as of right"). This court has not yet decided whether the exhaustion requirements of 8 U.S.C. § 1252 are jurisdictional in nature. See Moussa v. INS, 302 F.3d 823, 825 (8th Cir. 2002) (leaving open the question of whether § 1252(d)(1) is jurisdictional). Assuming we do have jurisdiction, however, the petitioner has not persuaded us that the finality

_____

[2] After filing his appeal, the petitioner moved this court for a stay of removal and release from custody pending appeal. That motion was denied on June 20, 2002, as was the petitioner's subsequent motion for reconsideration. At oral argument, the court was informed that the petitioner had since been removed pursuant to the Board's final order.

requirements set forth in the statute should be disregarded in his case. 8 U.S.C. § 1252(b)(9). Accordingly, we will not address the petitioner's unexhausted arguments regarding his recent marriage and its effect on his immigration status.

The only final order before the court is the Board's order of April 16, 2002. It appears from the record that the petitioner admitted his removability under 8 U.S.C. § 1227(a)(1)(B). At issue, then, is the Board's affirmation of the Immigration Judge's finding that the petitioner was ineligible for cancellation of removal because he could not demonstrate the continuous physical presence and/or extreme hardship requisite to the Attorney General's discretionary exercise of relief under 8 U.S.C. § 1229b(b). The controlling statute expressly states that denials of discretionary relief, such as that offered under 8 U.S.C. § 1229b, are not subject to review by the courts. See 8 U.S.C. § 1252(a)(1)(B)(i) (stating that "no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b . . . of this title"); Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1140-41 and n.2 (9th Cir. 2001) (recognizing the general jurisdiction-limiting effect of § 1252(a)(1)(B)(i) on determinations by the Board made in conjunction with cancellation of removal orders). Even were we to find jurisdiction over the Board's § 1229b decision, we would be constrained to find that the petitioner waived any substantive objections to that ruling by failing to raise them in his appeal brief. See United States v. Simmons, 964 F.2d 763, 777 (8th Cir. 1992) ("Issues not raised on appeal are waived under Rule 4 of the Federal Rules of Appellate Procedure . . .").

Finally, we briefly address the petitioner's alleged constitutional claim. See Vasquez-Velezmoro v. INS, 281 F.3d 693, 696 (8th Cir. 2002) (finding jurisdiction to consider "substantial constitutional challenges" to the INA). The petitioner claims that on April 19, 2002, without knowledge of the Board's April 16th removal order, he entered into a bona fide marriage with a U.S. citizen. He further claims that he has filed a motion to reopen with the INS in order to prove the legitimacy of the marriage

-3-

and argue for adjustment of status on that basis. The petitioner asserts that his removal pending the administrative resolution of that motion would constitute a denial of due process. The record, however, does not include a copy of the motion to reopen, and, as of the date of oral argument in this case, the INS averred that it was without knowledge or evidence of any such motion or attendant stay request being filed. We further note that the petitioner has not since supplemented the appellate record with such evidence. Accordingly, we need not decide whether the petitioner's removal moots the constitutional issue since the petitioner has not provided the court with anything to support the foundational allegations underlying his due process claim.

For the foregoing reasons, we affirm the order of the Board of Immigration Appeals finding the petitioner removable under 8 U.S.C. § 1227(a)(1)(B) and ineligible for cancellation of removal under 8 U.S.C. § 1229b.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.