# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3356

_____

| | | |
|---|---|---|
| Francisco Javier Nativi-Gomez, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| John Ashcroft, Attorney General | * | |
| of the United States, | * | |
| | * | On Petition for Review From |
| Respondent. | * | an Order of the Board of |
| | * | Immigration Appeals. |
| ----------------------------- | * | |
| | * | |
| American Immigration Law | * | |
| Foundation; American Immigration | * | |
| Lawyers Association, | * | |
| Minnesota/Dakotas, Iowa/Nebraska, | * | |
| and Missouri/Kansas Chapters, | * | |
| | * | |
| Amici on Behalf of Petitioner. | * | |

_____

Submitted:  June 13, 2003

Filed:  September 26, 2003

_____

Before BOWMAN, MURPHY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Francisco Javier Nativi-Gomez appeals the dismissal of his motion to reopen his deportation proceedings. We affirm.

Nativi-Gomez entered the United States in 1984 without inspection. The Immigration and Naturalization Service (INS) took him into custody in 1998 and initiated removal proceedings because he was deportable as an inadmissible alien. See 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A) (2000). At a hearing, the Immigration Judge instructed Nativi-Gomez to file, if he wished, an application for adjustment of status. See id. § 1255. The decision to grant an adjustment of status rests in the discretion of the Attorney General. Alvarez-Portillo v. Ashcroft, 280 F.3d 858, 862 (8th Cir. 2002), cert. denied, 123 S. Ct. 864 (2003). The Immigration Judge also allowed him time to file a waiver pursuant to 8 U.S.C. § 1182(h), which allows the Attorney General to waive the enforcement of certain statutes that brand an alien as inadmissible if the alien has committed a particular type of crime. Nativi-Gomez was convicted in 1991 in Florida state court of committing a lewd, lascivious, or indecent assault or act upon, or in presence of, a person less than sixteen years of age, and he might have been inadmissible under § 1182(a)(2)(A)(I) if the crime was deemed to involve "moral turpitude." The decision to grant a § 1182(h) waiver also is a matter of the Attorney General's discretion. Mendez-Morales v. INS, 119 F.3d 738 (8th Cir. 1997).

Nativi-Gomez's counsel believed that Nativi-Gomez was ineligible for both an adjustment of status and a § 1182(h) waiver; consequently, Nativi-Gomez applied for neither and instead successfully moved for his voluntary departure. But Nativi-Gomez soon learned that his counsel was mistaken about his eligibility, so he moved to reopen his proceedings. The Immigration Judge denied this motion, and the Board of Immigration Appeals (BIA) affirmed. We review the denial of a motion to reopen for an abuse of discretion. Feleke v. INS, 118 F.3d 594, 597–98 (8th Cir. 1997).

The basis for Nativi-Gomez's motion to reopen was the ineffective assistance of his attorney. An alien in a deportation proceeding has no Sixth Amendment right to counsel, Goonsuwan v. Ashcroft, 252 F.3d 383, 385 n.2 (5th Cir. 2001), but aliens are entitled to due process in deportation proceedings, Reno v. Flores, 507 U.S. 292, 306 (1993), and some courts have explained that the ineffective assistance of counsel can serve as the basis for a due process violation. See Iavorski v. INS, 232 F.3d 124, 128 (2d Cir. 2000) (stating that "statutory right to be represented by counsel at their [sic] own expense . . . is 'an integral part of the procedural due process to which the alien is entitled'") (citation to quoted material omitted); Henry v. INS, 8 F.3d 426, 440 (7th Cir. 1993). Under BIA precedent, a motion premised on a claim of ineffective assistance of counsel must satisfy three procedural requirements in order to be considered on the merits: (1) it must be supported by an affidavit by the petitioner attesting to the relevant facts; (2) the petitioner must inform counsel of the allegations and allow counsel the chance to respond before the petitioner files the motion; and (3) the motion must state whether a complaint has been filed with the appropriate disciplinary authorities and, if it has not been filed, an explanation as to why it has not been filed. Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988). The BIA concluded that Nativi-Gomez failed to satisfy the third of these requirements. Nativi-Gomez admits that he did not file a complaint with disciplinary authorities, but he argues his motion included a reasonable explanation for the non-filing that satisfies the final Lozada requirement.

Before we can consider whether the BIA erred in concluding that Nativi-Gomez failed to satisfy the third Lozada requirement, we must first tackle the issue of whether, in the circumstances of this case, the ineffective assistance of Nativi-Gomez's counsel could result in a violation of Nativi-Gomez's due process rights. Whether Nativi-Gomez satisfied the Lozada requirements is a moot question if the

facts, even if viewed in the light most favorable to him, fail to establish a due process violation.[1]

In order to make out a due process violation, a party must demonstrate a protected liberty or property interest. Hopkins v. Saunders, 199 F.3d 968, 975 (8th Cir. 1999), cert. denied, 531 U.S. 873 (2000). The Attorney General contends that because the relief Nativi-Gomez seeks is subject to the discretion of the Attorney General, Nativi-Gomez has no expectation that the relief would be granted and, consequently, no constitutionally protected liberty interest. See Ashki v. INS, 233 F.3d 913, 921 (6th Cir. 2000) (holding that an alien "has no constitutionally-protected liberty interest in obtaining discretionary relief from deportation"). This argument is derived from the Supreme Court's holding that a prisoner was not deprived of a protected liberty interest by a prison authority's denial of his request to have his sentence commuted. See Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464–67 (1981). The Court explained in Dumschat that a discretionary privilege cannot create a constitutional entitlement, even if that privilege has been granted generously in the past. Id. at 465. The Court continued, "The ground for a constitutional claim, if any, must be found in statutes or other rules defining the obligations of the authority charged with exercising clemency." Id.

Several courts have concluded the prisoner in Dumschat who sought a commuted sentence and an alien seeking discretionary relief from the Attorney General are similarly situated, meaning that the alien is without a protected liberty interest. See Mejia Rodriguez v. Reno, 178 F.3d 1139, 1147–48 (11th Cir. 1999) (holding no liberty interest exists in motion to obtain suspension of deportation), cert. denied, 531 U.S. 1010 (2000); Garcia-Mir v. Meese, 788 F.2d 1446, 1452 (11th Cir.)

_____

[1]Our Circuit has yet to recognize the validity of a due-process claim in a deportation proceeding based on the ineffective assistance of counsel; it is a question of first impression. Because we dispose of this appeal on other grounds, we need not address this question.

(holding no liberty interest exists in attempt to remain paroled in United States while immigration proceedings are pending), cert. denied, 479 U.S. 889 (1986); Achacoso-Sanchez v. INS, 779 F.2d 1260, 1264 (7th Cir. 1985) (concluding that alien has not been deprived of liberty or property interest by denial of motion to reopen); Velasco-Gutierrez v. Crossland, 732 F.2d 792, 797 (10th Cir. 1984) (explaining that discretionary decision to grant "deferred action" status by INS does not give rise to liberty interest). In each of these cases, an alien sought a type of relief that the applicable authority had nearly absolute discretion to grant or to deny. The Attorney General argues that the relief Nativi-Gomez seeks—an adjustment of status and a § 1182(h) waiver—is of the same character, and we agree. Even if Nativi-Gomez did not have a prior conviction that necessitated a § 1182(h) waiver, he must obtain an adjustment of status, and that relief has been described as "a power to dispense mercy," Achacoso-Sanchez, 779 F.2d at 765, and as "a matter of administrative grace," Ameeriar v. INS, 438 F.2d 1028, 1030 (3d Cir.) (en banc), cert. denied, 404 U.S. 801 (1971). No person has a constitutionally protected liberty interest in such speculative relief.

Nativi-Gomez points out that one court has recognized a due process violation where an alien sought discretionary relief. See Rabiu v. INS, 41 F.3d 879, 883 (2d Cir. 1994). But Rabiu does not discuss Dumschat or consider whether a constitutionally protected liberty interest is implicated where an alien seeks discretionary relief. As this issue was not before the court in Rabiu, we believe Rabiu is of limited utility to our analysis. Nativi-Gomez points out that Rabiu involved a request for statutorily-created relief, the same type of relief, in broad terms, that Nativi-Gomez seeks, but the source of relief sought by an alien is irrelevant.[2] What matters is whether the individual has an expectation of receiving some measure of relief. Here he does not. However broadly and amorphously the concept of

---

[2]The alien in Rabiu sought a waiver of deportation pursuant to 8 U.S.C. § 1182(c) (1994). This section was repealed in 1996.

constitutionally protected liberty interests has been defined within procedural-due-process jurisprudence, it does not include statutorily created relief that is subject to the unfettered discretion of a governmental authority.

The failure to receive discretionary adjustment-of-status relief does not constitute the deprivation of a constitutionally-protected liberty interest. For this reason, Nativi-Gomez cannot establish that he had a right to due process in his proceedings to obtain this relief. Accordingly, the BIA did not abuse its discretion in affirming the Immigration Judge's dismissal of Nativi-Gomez's motion to reopen, and its judgment is affirmed.

_____