# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2465

_____

| | |
|---|---|
| Juan Castillo Tovar, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of an |
| v. | * Order of the Board of |
| | * Immigration Appeals. |
| John Ashcroft, | * [UNPUBLISHED] |
| Attorney General of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: September 8, 2003

Filed: October 17, 2003

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Petitioner, Juan Castillo Tovar, a native and citizen of Mexico, seeks review of a final order of removal issued by the Board of Immigration Appeals ("the Board"). The Board affirmed the Immigration Judge's ruling that Tovar was removable as charged and that he was not entitled to cancellation of removal under 8 U.S.C. § 1229b(b) because he failed to establish exceptional and extremely unusual hardship to his qualifying relatives, as required by the statute. The Board, like the Immigration Judge, permitted Tovar voluntarily to depart the United States pursuant to 8 U.S.C. § 1229c.

Tovar raises four arguments on appeal, the first of which is the contention that the Board improperly denied relief under 8 U.S.C. § 1229b(b) by holding that he failed to demonstrate exceptional and extremely unusual hardship. Because 8 U.S.C. § 1252(a)(2)(B)(i) specifically exempts the Board's discretionary judgment under § 1229b(b) from review by any court, we lack jurisdiction to address the merits of Tovar's argument that he can establish exceptional and extremely unusual hardship. Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003) (per curiam).

Second, Tovar argues that his counsel before the Immigration Judge was so incompetent that he was deprived of his Sixth Amendment right to counsel. We do have jurisdiction to consider alleged violations of constitutional rights. Id. (citing Vasquez-Velezmoro v. INS, 281 F.3d 693, 696 (8th Cir. 2002)). Although an alien has no Sixth Amendment right to counsel in a removal proceeding, see, e.g., U.S. v. Torres-Sanchez, 68 F.3d 227, 230 (8th Cir. 1995), a deprivation of the statutory right to counsel may give rise to a constitutional due process claim. Id. at 230-31 (citing U.S. v. Campos-Asencio, 822 F.2d 506, 509-10 (5th Cir. 1987); Prichard-Ciriza v. INS, 978 F.2d 219, 222 (5th Cir. 1992)). Because Tovar had no constitutionally protected liberty interest in obtaining the discretionary relief he sought, however, Nativi-Gomez v. Ashcroft, No. 02-3356, 2003 U.S. App. LEXIS 19797, at *9 (8th Cir. Sept. 26, 2003), he had no due process right to the effective assistance of counsel.

Tovar's third argument is that the Board violated his due process rights when it treated his motion to reopen and remand as his brief on the merits of his appeal. As noted above, however, Tovar has no due process interest in a proceeding in which he seeks discretionary relief under 8 U.S.C. § 1229b(b). Nativi-Gomez, 2003 U.S. App. LEXIS 19797, at *9.

Tovar's final argument is that the Board violated his constitutional rights by establishing a standard that is impossible for a married person to meet. He argues that the Board's policy of discrimination against married people is evident when one compares the Board's decision in his case to its decision in In re Recinas, 23 I. & N. Dec. 467 (BIA 2002). There, the Board concluded that a single mother was entitled to cancellation of removal because of the impact her removal would have on her four citizen-children. Tovar maintains that his case is identical except for his status as a married person.

The Board's decision in Tovar's case was based on consideration of only permissible factors. Any reference to Tovar's status as a married person was incidental to the Board's legitimate inquiry into the nature of the hardship his children will suffer as a result of removal, a decision that we lack jurisdiction to review.

The decision of the Board of Immigration Appeals is affirmed.

_____