# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-3569

TERESA JEZIERSKI,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent*.

———————

Petition to Review Order
of the Board of Immigration Appeals.
No. A21 530 826

———————

ARGUED AUGUST 5, 2008—DECIDED SEPTEMBER 10, 2008

———————

Before POSNER, COFFEY, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*.  The petitioner asked the Board
of Immigration Appeals to reopen her removal proceeding
on the ground that she had received ineffective assist-
ance of counsel. The Board refused, finding that she had
not shown that the failures of her counsel of which she
complained would have led to a different result; in other
words, she had failed to prove "prejudice." We must

decide whether we have jurisdiction to review the denial of her motion.

Our recent decisions in *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 694 (7th Cir. 2008); *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), and *Huang v. Mukasey*, 534 F.3d 618 (7th Cir. 2008), hold (contrary to the view of some our sister circuits, see, e.g., *Shardar v. Attorney General*, 503 F.3d 308 (3d Cir. 2007); *Fernandez v. Gonzales*, 439 F.3d 592 (9th Cir. 2006)) that there is no power of judicial review of petitions to reopen removal proceedings unless the petition presents a question of law (or a constitutional issue—there is a distinction so far as review jurisdiction is concerned, but that's for later to explain). "The facts that the Board finds, and the reasons that it gives, en route to exercising its discretion to grant or deny a petition to reopen a removal proceeding, and the discretionary decision itself, cannot be reexamined by a court, whether for clear error, lack of substantial evidence, abuse of discretion, or any other formulation of a ground for reversing an administrative decision; all the court can decide is whether the Board committed an error of law. [See also *Liu v. INS*, 508 F.3d 716, 720-21 (2d Cir. 2007) (per curiam).] That will usually be a misinterpretation of a statute, regulation, or constitutional provision. But it could also be a misreading of the Board's own precedent, or the Board's use of the wrong legal standard [*Ali v. Achim*, 468 F.3d 462, 465 (7th Cir. 2006)], or simply a failure to exercise discretion [as in *Sanchez v. Keisler*, 505 F.3d 641, 649-50 (7th Cir. 2007)], or to consider factors acknowledged to be material to such an exercise." *Huang v. Mukasey*, *supra*, 534 F.3d at 620 (citations omitted).

We noted in *Huang* that our cases had not given consistent answers to the question of our power to review the Board's refusing to reopen a removal proceeding on the basis of ineffective assistance of the alien's counsel in that proceeding. *Id.* at 623. *Sanchez v. Keisler*, *supra*, 505 F.3d at 647-48, and *Kay v. Ashcroft*, 387 F.3d 664, 676 (7th Cir. 2004), had seemed to suggest a broad power, but *Patel v. Gonzales*, 496 F.3d 829, 831 (7th Cir. 2007); *Magala v. Gonzales,* 434 F.3d 523, 525 (7th Cir. 2005), and *Stroe v. INS*, 256 F.3d 498 (7th Cir. 2001), a narrow one. There is a similar tension among circuits. Compare *Omar v. Mukasey*, 517 F.3d 647 (2d Cir. 2008) (per curiam); *Fadiga v. Attorney General*, 488 F.3d 142, 153-54 (3d Cir. 2007); *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006), and *Dakane v. Attorney General*, 399 F.3d 1269, 1273-74 (11th Cir. 2005), all suggesting a broad power, with *Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005), and *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 807-09 (8th Cir. 2003), suggesting a narrow one.

Within this circuit, at least, there is no actual conflict. In *Kay*, the panel determined that the denial of effective assistance of counsel in the circumstances violated the Fifth Amendment; it wasn't a "question of law" ruling, but a constitutional ruling, which is different. The panel in *Sanchez* did not discuss the issue of jurisdiction (neither did *Kay*, for that matter), doubtless because the Justice Department took the position that we could review denials of petitions to reopen for abuse of discretion. "When a court resolves a case on the merits without discussing its jurisdiction to act, it does not establish a precedent requiring similar treatment of other cases once

the jurisdictional problem has come to light. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 119 and n. 29 (1984); *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37-38 (1952)." *Glidden v. Chromalloy American Corp.,* 808 F.2d 621, 625 (7th Cir. 1986). Especially after *Kucana* and *Huang,* it is apparent that our power to review such denials is narrow even when the alien is complaining of ineffective assistance of counsel.

No statute entitles the alien to effective assistance of counsel, *Stroe v. INS, supra,* 256 F.3d at 499-500 (7th Cir. 2001); *Afanwi v. Mukasey,* 526 F.3d 788, 796 (4th Cir. 2008), although he is allowed to have counsel at his own expense. 8 U.S.C. § 1362. The Sixth Amendment is inapplicable to removal proceedings. *Gjeci v. Gonzales,* 451 F.3d 416, 421 (7th Cir. 2006); *Stroe v. INS, supra,* 256 F.3d at 500; *Ram v. Mukasey,* 529 F.3d 1238, 1241 (9th Cir. 2008); *Afanwi v. Mukasey, supra,* 526 F.3d at 796-97; *Zeru v. Gonzales,* 503 F.3d 59, 72 (1st Cir. 2007); cf. *Coleman v. Thompson,* 501 U.S. 722, 752-54 (1991); *Wainwright v. Torna,* 455 U.S. 586, 587-99 (1982). And no statute or constitutional provision entitles an alien who has been denied effective assistance of counsel in his (in this case her) removal proceeding to reopen the proceeding on the basis of that denial. *Stroe v. INS, supra,* 256 F.3d at 501; *Rafiyev v. Mukasey,* Nos. 07-1317, 07-2406, 2008 U.S. App. LEXIS 16537, at *19-20 (8th Cir. Aug. 5, 2008). Nevertheless, if the Board of Immigration Appeals adopted a rule entitling such an alien to reopen, its failure to follow the rule in a particular case would present a question of law. *Aris v. Mukasey,* 517 F.3d 595, 600 (2d Cir. 2008); cf. *Hanan v. Mukasey,* 519 F.3d 760, 764 (8th Cir. 2008); *Khan v. Mukasey,* 517 F.3d 513, 518-

19 (7th Cir. 2008). An administrative agency can change its rules, but it has to justify the change, and a challenge to the adequacy of the agency's justification for doing so presents a question of law. (For the general principle, see *National Cable & Telecommunications Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981, 1001 (2005), and *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Automobile Ins. Co.*, 463 U.S. 29, 46-57 (1983), and for its application to petitions to reopen see *Stroe v. INS*, *supra*, 256 F.3d at 502-03; *Picca v. Mukasey*, 512 F.3d 75 (2d Cir. 2008); *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006); *Cruz v. Attorney General*, 452 F.3d 240, 250 (3d Cir. 2006).)

We cannot find any rule declared by the Board that entitles the alien to reopen his removal proceeding on the basis of ineffective assistance of counsel. The Board has adopted a rule—the *Lozada* rule (*In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988), petition for review denied under the name *Lozada v. INS*, 857 F.2d 10, 13 (1st Cir. 1988); see also *Cruz v. Attorney General*, *supra*, 452 F.3d at 250)—setting forth the requirements for establishing ineffective assistance. But having found ineffective assistance the Board is not thereby required to grant the petition to reopen. Satisfying the requirements of *Lozada* is a necessary condition to obtain a reopening on the basis of ineffective assistance of counsel rather than a sufficient one. In the absence of a rule requiring reopening upon the satisfaction of specified conditions, the decision to reopen is discretionary, and we have no jurisdiction to review the discretionary denial of a petition to reopen.

It is true that the Board has often granted such petitions when the requirements of *Lozada* are satisfied, see, e.g., *In*

*re Bozena Zmijewska*, 24 I. & N. Dec. 87 (BIA 2007); *In re – K- & V- S-*, 21 I. & N. Dec. 879, 881 (BIA 1997); *In re Gustavo Alonzo Grijalva-Barrera*, 21 I. & N. Dec. 472, 473-74 (BIA 1996)—but not always. See *In re Orozco-Solis*, 2006 BIA LEXIS 34; *In re Gary Fitzroy Beckford*, 22 I. & N. Dec. 1216 (BIA 2000); see also *In re Dean Maurice Morgan*, 2006 BIA LEXIS 36; *In re Robert Michael St. George Grant*, 2005 BIA LEXIS 24; *In re Lourdes Soriano-Vino in Removal Proceedings*, 2003 BIA LEXIS 17; *In re Ydalia Cruz-Garcia*, 22 I. & N. Dec. 1155 (BIA 1999). But that is consistent with there being no entitlement to reopen on the basis of ineffective assistance of counsel. Even if the alien received subprofessional assistance from his lawyer, and as a result was prejudiced in his effort to avoid removal, the sheer passage of time since the removal proceeding, or the alien's culpable failure to seek prompt relief, might be thought to justify refusing to reopen; and weighing these considerations requires an exercise of discretion of the tribunal.

The complexity of the issues, or perhaps other conditions, in a particular removal proceeding might be so great that forcing the alien to proceed without the assistance of a competent lawyer would deny him due process of law by preventing him from "reasonably presenting his case." *Henry v. INS*, 8 F.3d 426, 440 (7th Cir. 1993); *Kay v. Ashcroft*, *supra*, 387 F.3d at 676; *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008); *Aris v. Mukasey*, *supra*, 517 F.3d at 600; see also *Monjaraz-Munoz v. INS*, 327 F.3d 892, 897 (9th Cir. 2003). An alien resisting removal, which would deprive him of his liberty to remain in the United States, is entitled to due process,

*Reno v. Flores*, 507 U.S. 292, 306 (1993); *Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Bosede v. Mukasey*, 512 F.3d 946, 952 (7th Cir. 2008); *Torres v. INS*, 144 F.3d 472, 474 (7th Cir. 1998), which comprehends the right to present a defense. *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 775-76 (7th Cir. 2007); *Rodriguez Galicia v. Gonzales,* 422 F.3d 529, 539-40 (7th Cir. 2005).

Yet some cases say that if the alien is seeking merely discretionary relief he has no entitlement to remain in the United States and therefore a denial of relief does not invade his liberty. E.g., *Nativi-Gomez v. Ashcroft*, *supra*, 344 F.3d at 807; *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1148 (11th Cir. 1999). The other cases that we have cited do not recognize the distinction, however, and to do so would be cutting things too fine. It is true that in *Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006), we said that while "Cevilla has a liberty interest in remaining in the United States, . . . prevailing on the issue of continuous physical presence in the United States would not give her any right to remain here. It would merely give her an opportunity to establish extreme hardship, which is an appeal to the government's discretion, rather than a substantive entitlement." But there is a difference between an issue and a remedy. Having created a reopening remedy that can defeat removal, the government cannot be allowed to destroy the remedy and so ensure removal by creating procedural roadblocks that prevent the alien from invoking the procedure. That would be a deprivation of liberty without due process of law, and therefore judicially reviewable even if the petition for

review did not present a question of law but merely a question of fact (such as whether a notice of hearing had been sent to the alien), because the statute governing judicial review of rulings by the Board of Immigration Appeals allows review of a discretionary ruling that is claimed to deny a constitutional right. 8 U.S.C. § 1252(a)(2)(D); *Kucana v. Mukasey*, *supra*, 533 F.3d at 538.

The distinction between a question of fact on which a right depends, and a question of law, is vital in a case such as this, in which the infringement of a constitutional right is *not* alleged. Because it is not alleged, our review is limited to rulings of law, and as we held in *Kucana* and *Huang* a factual determination by the Board—such as its determination that the alleged incompetence of the alien's lawyer in the removal proceeding did not prejudice the alien (she failed to show that the proceeding would have had a different outcome with a better lawyer)—is not a legal ruling and so does not confer jurisdiction on us.

The alien argues that her lawyer's failure to file an appeal brief with the Board in the removal proceeding created a presumption of prejudice. If there were such a presumption, and the Board ignored it, we would have review jurisdiction even though the Board, once its error was corrected, would still have discretionary authority to deny the petition to reopen. The error of law could have infected its consideration of the petition, and would have to be corrected before it could exercise discretion in a proper manner. E.g., *Koon v. United States*, 518 U.S. 81, 100 (1996); *Huang v. Mukasey*, *supra*, 534 F.3d at 620; *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008);

*Lin v. Mukasey*, 532 F.3d 596, 598 (7th Cir. 2008); compare *Jean v. Gonzales*, 435 F.3d 475, 480 (4th Cir. 2006).

But there is no such rule. The alien derives it from a series of Ninth Circuit cases that hold that the Board's failure to consider the alien's arguments because his lawyer did not file a brief (or did not appeal at all) establishes a presumption of prejudice. *Granados-Oseguera v. Gonzales*, 464 F.3d 993, 997 (9th Cir. 2006); *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006); *Siong v. INS*, 376 F.3d 1030, 1037 (9th Cir. 2004); *Singh v. Ashcroft*, 367 F.3d 1182, 1189 (9th Cir. 2004); *Dearinger v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). There was no failure by the Board in this case. The Board does not require an alien who is appealing the adverse decision of an immigration judge to file a brief, and when no brief is filed the Board will still decide the merits of the appeal, and did so in this case. (The Board reserves the right to dismiss the appeal summarily if the alien, after indicating that he intends to appeal, fails to do so. 8 C.F.R. § 1003.1(d)(2)(i)(E). Sometimes the Board exercises the right, e.g., *In re Ibrahim Al-Hamidieh*, A95 518 117, 2007 WL 4699755 (BIA Dec. 4, 2007), sometimes not. E.g., *In re Jose Alfredo Rodriguez-Murrieta*, A90 116 459, 2007 WL 4699778 (BIA Nov. 30, 2007). To repeat, the Board did decide the merits of alien's appeal.) In deciding whether to reopen, the Board asked itself whether the removal proceeding might have come out differently had the alien been represented by competent counsel, and concluded that it would not have. That conclusion was not the answer to a question of law, but a discretionary determination.

We have no jurisdiction of the denial of the petition to reopen. The petition for review is therefore

DISMISSED.