NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2008
Decided March 13, 2009*

**Before**

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-2846

| | |
|---|---|
| IMAD MALIK, SAAD MALIK,<br>and FAHAD MALIK,<br>            *Petitioners,* | Petition for Review of an Order<br>of the Board of Immigration Appeals. |
|     *v.* | Nos. A95-583-352 |
| | A95-583-360 |
| ERIC H. HOLDER, JR.,<br>United States Attorney General,<br>            *Respondent.* | A95-583-361 |

**O R D E R**

_____

    * After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

This is the second time that these three brothers, Imad, Fahad, and Saad Malik,[1] have come before this court. Their saga began when they filed bogus asylum applications, claiming that they were Indian citizens of Islamic faith who faced religious persecution if they were forced to return to India. As it turns out, the brothers were actually citizens of Pakistan. Imad, who was 22 years old at the time, filed his own asylum application. Fahad and Saad, twins who were 17 years old at the time, were listed as derivatives on their father's application. Following interviews with an asylum officer, the family was placed into removal proceedings. While these proceedings were pending, a Joint Terrorism Task Force investigation uncovered the Maliks' deceit, and they withdrew their asylum applications.

Just before the final removal hearing, the brothers each married United States citizens. Their wives filed I-130 visa petitions, but given the short turnaround, the petitions were not adjudicated by the time the hearing rolled around. Former counsel for the Maliks moved for a continuance so that their petitions could be processed and the brothers could apply for permanent residency but presented no evidence--not even a copy of a marriage certificate--to show that the brothers had married in good faith, a prerequisite for relief. The IJ doubted the brothers' statutory eligibility for adjustment of status and went on to conclude that, even if they were eligible, she would deny their applications as a matter of discretion because they lied about their asylum claims. Since their adjustment applications were dead in the water, the IJ saw no need to continue the case and denied the motion. The brothers appealed this decision to the BIA with no success and then petitioned for review before this court. We dismissed that petition after concluding that we lacked jurisdiction to review the IJ's discretionary decision to deny the motion for a continuance. *Malik v. Mukasey*, 546 F.3d 890, 893 (7th Cir. 2008).

Shortly after filing their first petition for review, the Maliks also filed a motion to reopen their case before the BIA. They asserted that they received ineffective assistance from their former counsel, whose oral motion for a continuance was made with no supporting evidence, and submitted evidence that their marriages were, in fact, bona fide. The BIA denied this motion, concluding that the brothers failed to demonstrate that their

---

[1] As we explained in our first opinion, the brothers' last names are actually Shoukat. *Malik v. Mukasey*, 546 F.3d 890, 891 (7th Cir. 2008). Pakistan follows a patronymic system, where children take their father's first name as their last name. Perhaps in a bid to hide their true heritage, the brothers identified themselves with the last name "Malik"--the same last name as their father--in the asylum applications and before the immigration court. Both parties use the last name "Malik" throughout their briefs before us, and we will follow their lead.

former counsel's short-comings prejudiced their case, since the IJ concluded that she would deny their adjustment applications as a matter of discretion. The brothers now appeal this denial.

Our first order of business is jurisdiction. Discretionary decisions by immigration authorities are immune from judicial review unless they raise "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B)(ii), (a)(2)(D); *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008). Motions to reconsider, including those that claim ineffective assistance of counsel, are within the discretion of the BIA, 8 C.F.R. § 1003.2(a), and so are generally unreviewable, save those that present constitutional or legal questions. *Jezierski v. Mukasey*, 543 F.3d 886, 891 (7th Cir. 2008). In declining to reopen the case, the BIA concluded that "even if former counsel was derelict in his duties," the case would not have come out differently had the brothers been represented by competent counsel. The brothers disagree, of course, arguing that they were prejudiced by prior counsel mistakes. But the BIA's conclusion was a discretionary determination, which is outside our jurisdiction to review. *Id*.

The Maliks try to avoid this jurisdictional bar by framing their challenges as constitutional ones. They claim that their right to due process was violated when the BIA refused to reopen their case. We have recognized that ineffective assistance can rise to the level of a due process violation if prior counsel's error effectively denies an alien the opportunity to be heard and the alleged errors likely affected the outcome of the proceeding. *Kay v. Ashcroft*, 387 F.3d 664, 676-77 (7th Cir. 2004). But an alien cannot overcome the jurisdictional bar by simply cloaking a challenge to a discretionary decision in constitutional garb. Discretionary denials of relief cannot be recast as constitutional violations if, as in this case, the record does not support even a colorable claim of such a violation. *See Zamora-Mallari v. Mukasey*, 514 F.3d 679, 696 (7th Cir. 2008).

The Maliks' first constitutional argument is a flop. They argue that better counsel would have presented evidence demonstrating that their father's fraud should not be attributed to them. The Maliks made this same argument in their first appeal, and we rejected it then because it is based on a misreading of the record. *Malik*, 546 F.3d at 893. The IJ held the brothers accountable for their own actions and misrepresentations, not their father's.

The Maliks' second constitutional claim fares no better. The brothers argue that effective counsel would have presented evidence in support of a waiver of inadmissibility under 8 U.S.C. § 1182(i). That waiver applies to aliens found inadmissible under 8 U.S.C. § 1182(a)(6)(C), which prohibits admitting into the United States aliens who have tried to get visas by fraud. The waiver allows immigration authorities to admit an alien,

notwithstanding the fraud, if refusing his admittance would result in extreme hardship to the alien's spouse.  8 U.S.C. § 1182(i).  Even if the Maliks could qualify for this waiver, it would do them little good.  An alien is only entitled to adjust his status if he meets all the statutory eligibility requirements, which includes proving his admissibility, and he merits a favorable exercise of discretion.  8 U.S.C. § 1255(a).  A waiver would help the brothers meet their statutory eligibility requirements but would not guarantee that immigration authorities would exercise their discretion favorably.  In this case, the IJ said that she would deny the Maliks' adjustment applications as a matter of discretion because they had lied about their asylum claims.  The waiver argument is a red herring--it does not affect the IJ's bottom-line conclusion that the Maliks' adjustment applications were ultimately hopeless.

Accordingly, the petitions for review are DISMISSED for lack of jurisdiction.