NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 15, 2008
Decided April 15, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3725

| | |
|---|---|
| ALI HUSEIN SAOUD OAMR, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A95 925 220 |
| | |
| ERIC H. HOLDER, JR., Attorney General | |
| of the United States, | |
| *Respondent*. | |

### O R D E R

Ali Husein Saoud Oamr, a Jordanian citizen and native of Israel, entered the United States in 1994 on a three-day visitor's visa but never left. Nine years later he received a notice to appear before an immigration judge. The IJ granted Oamr five continuances from 2003 to 2005 but refused Oamr's sixth request on the belief that Oamr was "simply intending to stall out his case." The IJ proceeded with the hearing and ultimately concluded that Oamr was not entitled to any relief from removal. Oamr appealed to the Board of Immigration Appeals, arguing that the IJ improperly denied his request for a continuance. In the same appeal Oamr also moved to reopen the proceedings on the ground that his attorney had rendered ineffective assistance of counsel. The BIA upheld the decision to

deny Oamr's final request for a continuance. Additionally, the BIA denied Oamr's motion because he had not provided any evidence that his alleged attorney had ever agreed to represent him. Oamr renews both arguments in his petition for review. But this court does not have jurisdiction to review the denial of Oamr's request for a continuance or the BIA's denial of Oamr's motion to reopen. Accordingly, we dismiss the petition.

## Background

In 1994 Oamr entered the United States on a three-day visa. Nine years later, in 2003, Oamr received a notice to appear in removal proceedings. Oamr appeared before an IJ in May 2003 and was granted more time to obtain counsel. Oamr returned for a second hearing in February 2004, accompanied this time by his attorney, Diana Viscayano. Viscayano requested "a little time . . . to explore an asylum issue," and the IJ granted a second continuance. One year later, in February 2005, Oamr appeared before the IJ—but Viscayano did not; she sent her legal assistant instead to explain that she was ill. The IJ continued the proceedings a third time but noted the delay. And shortly thereafter Oamr appeared at a fourth hearing, joined only by a friend. The IJ told Oamr, "I can't keep continuing your case for nothing. You need to file something." Oamr's friend responded, "this is the second time, I believe, that . . . Viscayano hasn't shown up. Mr. Oamr Ali wanted some time to get another representation." The IJ agreed to continue the proceedings yet again but warned that the next hearing would be "the last time for the attorney. If not, then we'll just go ahead with your case." Four months later—at a fifth hearing in September 2005—Oamr asked for another extension because Viscayano, apparently still serving as his attorney, could not be present on account of a recent death in the family. The IJ telephoned Viscayano (on the record) and announced, "I will continue one more time to December 5, '05. . . . But, you know, I cannot continue to just repeatedly just give these folks time to come in."

Despite these warnings, Oamr appeared alone at the December 2005 hearing. Oamr attempted an explanation—that Viscayano had told Oamr that her colleague would attend the hearing—but the IJ decided to proceed with the hearing. The IJ asked Oamr about his reasons for staying in the United States, and Oamr explained that two of his four children are enrolled in schools here. Removal would, according to Oamr, jeopardize their education. After asking approximately thirty questions, the IJ rendered his decision.

To begin with, the IJ determined that another continuance was inappropriate because Oamr had not furnished good cause for more time: "[T]his Judge feels that the respondent simply has no intent of retaining counsel. . . . He is simply intending to stall out his case." Moreover, the IJ continued, Oamr was not eligible for cancellation of removal because he had not been physically present in the United States for ten years before receiving his notice to appear. Finally, the IJ noted that Oamr had not expressed any fear of

mistreatment, much less persecution or torture, if removed.  And with that, the IJ ordered Oamr removed to Jordan.

Oamr appealed to the BIA, arguing that the IJ improperly denied Oamr's request for a sixth continuance.  In the same appeal Oamr moved to reopen the proceedings on the basis of counsel's ineffectiveness in not appearing at the hearing.  Regarding the continuance, the BIA observed that the IJ "continued the hearing on five occasions specifically to allow the respondent to attempt to obtain counsel, giving the respondent some 2 ½ years to do so."  The IJ's decision not to extend the time any further, the BIA wrote, was proper given that Oamr had failed to provide good cause for an extension of time.  As for Viscayano's performance, the BIA found that Oamr had not provided "evidence showing that he ever had any representational agreement with this or any other attorney upon which a claim of ineffective assistance of counsel could be predicated."

**Analysis**

Oamr revisits the same arguments before this court.  First, he asserts that the IJ improperly denied his request for a continuance.  Second, he contends that the BIA erred in denying his motion to reopen.

What Oamr does not realize is that this court lacks jurisdiction to consider either argument.  In *Ali v. Gonzales*, 502 F.3d 659, 662-64 (7th Cir. 2007), this court held that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of continuance decisions by immigration judges.  *Ali* did, however, preserve an exception first noted in *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004): this court retains jurisdiction to review a denial of a continuance if the denial effectively nullified an opportunity for statutory relief without some explanation or reasoned basis for the decision.  *See Ali*, 502 F.3d at 662-63; *Ceta v. Mukasey*, 535 F.3d 639, 645-46 (7th Cir. 2008); *Wood v. Mukasey*, 516 F.3d 564, 568 (7th Cir. 2008).  That exception is not applicable here, though, because the IJ provided ample explanation for his decision.  The IJ warned Oamr that he would not continue the proceedings forever, and the IJ's belief that Oamr was dragging his feet is reason enough.  *See Ali*, 502 F.3d at 662-65; *Subhan*, 383 F.3d at 593-94.

Similarly, this court lacks jurisdiction to review the BIA's denial of a motion to reopen on the basis of ineffectiveness of counsel.  *Jezierski v. Mukasey*, 543 F.3d 886, 887-91 (7th Cir. 2008); *see Huang v. Mukasey*, 534 F.3d 618, 620, 623 (7th Cir. 2008); *Kucana v. Mukasey*, 533 F.3d 534, 536-39 (7th Cir. 2008).  An alien facing removal does not enjoy the protections afforded by the Sixth Amendment, nor is there any statutory or constitutional entitlement to effective assistance of counsel in immigration proceedings.  *See Jezierski*, 543 F.3d at 888-89; *Magala v. Gonzales*, 434 F.3d 523, 525 (7th Cir. 2005); *Stroe v. INS*, 256 F.3d 498,

500 (7th Cir. 2001). Thus, whether to grant a motion to reopen premised on ineffective assistance of counsel is left to the discretion of the BIA. *See Jezierski*, 543 F.3d at 889; *Magala*, 434 F.3d at 526; *In re Compean*, 24 I. & N. Dec. 710 (A.G. 2009) *(*overruling in part *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). And this court lacks jurisdiction to review how the BIA has exercised its discretion. *Jezierski*, 543 F.3d at 889.

Oamr does not appreciate this court's holding in *Jezierski*. Nor does he present a constitutional claim or a question of law, *see, e.g., Kucana*, 533 F.3d at 538-39, that would enable our review. He rests on the naked assertion that "[t]he failure of the petitioner's former attorney to show even minimal due diligence such as appearing for hearings is ineffective assistance of counsel." Because this court is without jurisdiction to consider this and Oamr's other contention on file, we DISMISS the petition for review.