NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2009[*]
Decided May 22, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-2490

| | |
|---|---|
| EDMUNDUS KAUSPADAS and EVELINA KAUSPADAS, *Petitioners*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | Nos. A99-607-608 & A99-607-609 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Edmundus and Evelina Kauspadas, a married couple from Lithuania, ask us to order immigration authorities to reopen their case (which the Board of Immigration Appeals refused to do) so that they may seek cancellation of removal. Because we lack jurisdiction to review the Board's refusal to reopen under *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), we dismiss the petition.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

With the assistance of counsel, Edmundus and Evelina applied for asylum and withholding of removal in 2006, asserting that they came to the United States in 2000 to escape persecution directed at Jehovah's Witnesses like them. On April 10, 2006, they received notices to appear at a removal hearing. Afterward, the couple conceded removability and withdrew their applications for asylum and withholding of removal, and the Immigration Judge granted them three months in which to depart voluntarily. During those three months and with the help of new counsel, the Kauspadases moved to reopen their case based on evidence that Edmundus actually entered the United States on May 1, 1996. They argued that Edmundus had accrued at least ten years of continuous presence in the United States, and that they, consequently, were eligible for cancellation of removal, relief they desired because of the extreme hardship that removal would work on their two American-born sons. *See* 8 U.S.C. § 1229b(b)(1).

The IJ denied the motion to reopen for two reasons. First, he concluded, the Kauspadases were not eligible for cancellation relief because Edmundus hadn't been in the country for ten full years before the notices to appear were served, stopping the clock on his continuous physical presence. *See* 8 U.S.C. § 1229b(d)(1); 8 C.F.R. § 1003.23(b)(3). Moreover, the IJ continued, reopening was not warranted because the Kauspadases could have submitted this evidence earlier. *See* 8 C.F.R. § 1003.23(b)(3).

The Kauspadases appealed to the BIA, proceeding pro se. In a two-page letter that also serves as their brief before this court, they contend that their attorneys in the removal proceedings performed deficiently. Because of that deficiency, they asked the BIA to order a new hearing in order that they might submit further evidence of the consequences of their removal. In particular, they detail just how the removal would traumatize their sons and assert that Evelina's ex-husband would attack her and her family if they were returned to Lithuania. The Board affirmed without opinion.

The Kauspadases' disagreement with the IJ's refusal to reopen their case is a challenge to administrative discretion, *see* 8 C.F.R. § 1003.23(b)(3), and, hence, outside of our jurisdiction. In *Kucana v. Mukasey*, 533 F.3d 534, 536 (7th Cir. 2008), we ruled that through the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(B)(ii), Congress divested us of jurisdiction to review the discretionary decisions of immigration authorities unless a legal or constitutional claim is involved, 8 U.S.C. § 1252(a)(2)(D). The ground for reopening that the Kauspadases now advance—that their counsel's alleged deficiencies entitle them to a new hearing—does not fit within the exception because there is no constitutional, statutory, or administrative right to effective counsel in immigration proceedings; a claim of ineffective assistance is

purely a request for a favorable exercise of discretion.  *See Jezierski v. Mukasey* , 543 F.3d 886, 888-891 (7th Cir. 2008).  Accordingly we must dismiss the petition for lack of jurisdiction.[1]

In light of the Supreme Court's recent decision to grant certiorari in *Kucana v. Holder*, 2009 WL 1107926 (U.S. April 27, 2009), we add that even if we could review whether the IJ abused his discretion in refusing to reopen their case, the Kauspadases would not prevail.  An IJ possesses "discretion to deny a motion to reopen even if the movant has established a prima facie case for relief."  8 C.F.R. § 1003.23(b)(3); *see Khrystotodorov v. Mukasey*, 551 F.3d 775, 785 (8th Cir. 2008); *see also Selimi v. Ashcroft*, 360 F.3d 736, 739 (7th Cir. 2004) (explaining that the BIA "has broad discretion in deciding whether to grant or deny a motion to reopen").  But the IJ *must* deny the motion if the new evidence was available and could have been presented at the prior hearing, or if the movant has not established statutory eligibility for cancellation of removal as of the date that the notice to appear was served.  *See* 8 C.F.R. § 1003.23(b)(3).

In this case, the IJ correctly determined that the Kauspadases were not statutorily eligible for cancellation of removal.  Ten years of continuous physical presence is a statutory prerequisite for cancellation of removal.  *See* 8 U.S.C. § 1229b(b)(1) ("The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien has been physically present in the United states for a continuous period of not less than 10 years immediately preceding the date of such application.").  Yet the evidence that Edmundus arrived in the United States on May 1, 1996, even if credited, established that he had not been continuously physically present for ten years before the notices to appear were served on April 10, 2006, and that is the operative date.  *See* 8 C.F.R. § 1003.23(b)(3).  In addition, the Kauspadases give no reason why their new evidence was not available earlier.  Accordingly, based on the record before us, the IJ did not abuse his discretion in denying the motion to reopen.  Were we to reach the merits, we would deny the petition for review.

We DISMISS the petition for lack of jurisdiction.

---

[1]We also note that the Kauspadases did not argue to the IJ in their motion to reopen that ineffective assistance of counsel jeopardized their cases.  We therefore question whether they have exhausted their administrative remedies, as is also required for our jurisdiction. *See* 8 U.S.C. § 1252(d)(1).