# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1923

_____

Domingo Velasquez-Domingo,   *
                             *
           Petitioner,       *
                             *   Petition for Review of
     v.                      *   an Order of the Board
                             *   of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General   *
of the United States,        *
                             *   [UNPUBLISHED]
           Respondent.       *

_____

Submitted: June 5, 2009
Filed: June 9, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Domingo Velasquez-Domingo petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ's) denial of his application for asylum and withholding of removal.[2]

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

[2]Velasquez-Domingo also purports to challenge the IJ's denial of relief under the Convention Against Torture (CAT), but he did not raise a CAT claim below, and

Having carefully reviewed the record, we deny the petition. <u>See</u> <u>Eta-Ndu v. Gonzales</u>, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).

We conclude that substantial evidence supports the IJ's conclusion that Velasquez-Domingo did not establish past persecution or a well-founded fear of future persecution on account of a protected ground. <u>See</u> <u>Lengkong v. Gonzales</u>, 478 F.3d 859, 863 (8th Cir. 2007) (incidents of random isolated violence did not compel finding of persecution); <u>Gomez v. Gonzales</u>, 425 F.3d 543, 545-47 (8th Cir. 2005) (record must compel finding that protected ground motivated persecutors' actions); <u>Alyas v. Gonzales</u>, 419 F.3d 756, 760-61 (8th Cir. 2005) (to establish persecution when harm was inflicted by private individual, asylum applicant must show that government was unwilling or unable to protect him). Velasquez-Domingo's claim for withholding of removal--which carries a more rigorous burden of proof--necessarily fails as well. <u>See</u> <u>Makatengkeng v. Gonzales</u>, 495 F.3d 876, 885 (8th Cir. 2007).

Accordingly, we deny the petition.

_____

he does not now assert that the IJ erred by not considering his asylum application as raising a CAT claim, <u>see</u> <u>Halabi v. Ashcroft</u>, 316 F.3d 807, 808 (8th Cir. 2003) (per curiam) (issues not raised in appeal brief are waived).