# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-1471

———————————————

Anantkumar Patel; Meenaben Patel,

*Petitioners,*

v.

Jefferson B. Sessions, III, Attorney General of the United States,

*Respondent.*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

Submitted: September 18, 2018
Filed: October 16, 2018
[Unpublished]

———————

Before LOKEN, COLLOTON, and STRAS, Circuit Judges.

———————

PER CURIAM.

Anantkumar and Meenaben Patel, citizens of India, petition for review of an order of the Board of Immigration Appeals (BIA) denying their motion asking the BIA to reopen their deportation proceedings *sua sponte* to allow them to pursue adjustment of status.

Under the Immigration and Nationality Act, an alien may file one statutory motion to reopen removal proceedings. *See* 8 U.S.C. § 1229(c)(7)(A). This motion must be filed within 90 days of the final removal order. *See* 8 U.S.C. § 1229a(7)(C)(i). Accordingly, we conclude the BIA correctly determined that the Patels' motion in October 2017 was untimely and numerically barred, because it was filed more than seven years after the BIA's 2010 final administrative order, and it was their third motion to reopen. We further conclude that the BIA's decision whether to reopen proceedings *sua sponte* is committed to the agency's discretion by law, and therefore not subject to this court's review. *See Tamenut v. Mukasey*, 521 F.3d 1000, 1001 (8th Cir. 2008) (en banc) (per curiam).

Finally, we conclude that the Patels do not state a colorable due-process claim, as they have no constitutionally protected liberty or property interest in a discretionary grant of *sua sponte* reopening, or the underlying relief (adjustment of status) that they sought. *See Matias v. Sessions*, 871 F.3d 65, 72 (1st Cir. 2017) (sua sponte reopening); *Nativi-Gomez v. Ashcroft*, 344 F.3d 805, 808 (8th Cir. 2003) (adjustment of status). The petition is dismissed.

_____