**Jose ANAYA–AGUILAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.**

No. 11–3052.

United States Court of Appeals,
Seventh Circuit.

Oct. 4, 2012.

Maria T. Baldini–Potermin (argued), Attorney, Maria Baldini–Potermin & Associates, Chicago, IL, for Petitioner.

OIL, Tiffany L. Walters (argued), Attorneys, Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Charles Roth, Attorney, National Immigrant Justice Center, Chicago, IL, for Amicus Curiae.

Before DANIEL A. MANION, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, SHARON J. COLEMAN, District Court Judge.

## ORDER

After the petitioner filed a petition for rehearing and rehearing en banc, the National Immigrant Justice Center filed an amicus curiae brief in which it expressed concern that our opinion might be read to render unreviewable all instances where the Board of Immigration Appeals refuses to exercise its *sua sponte* authority to reopen a case—including cases in which the Board has committed a legal or constitutional error. Such a reading would certainly conflict with our precedent. *See, e.g., Cevilla v. Gonzales,* 446 F.3d 658, 660 (7th Cir.2006). But our opinion should not be read that broadly; we do not mean to foreclose review of the Board's denial of a motion to reopen *sua sponte* in cases where a petitioner has a plausible constitutional or legal claim that the Board misapplied a legal or constitutional standard. That is not the type of claim that the petitioner advanced in this case, so the Board's decision is unreviewable.

That said, on consideration of the petition for rehearing filed by petitioner-appellant, all judges on the original panel have voted to deny rehearing. Further, no judge in active service has requested a vote on the petition for rehearing en banc. The petition is therefore **DENIED**.