In the

# United States Court of Appeals
## For the Seventh Circuit

No. 12-2882

JOSE M. ZAMBRANO-REYES, also
known as JOSE MANUEL ZAMBRANO-
REYES,

*Petitioner*,

*v.*

ERIC H. HOLDER, JR., Attorney
General of the United States,

*Respondent*.

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A090-933-006

ARGUED FEBRUARY 15, 2013 — DECIDED AUGUST 2, 2013

Before FLAUM, WOOD, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This petition for judicial review
presents questions affecting aliens who were lawful permanent
residents and were removed because of criminal conduct, and
especially those who then reentered the United States unlaw-
fully. Petitioner Jose Zambrano-Reyes was a lawful permanent

resident of the United States, but he was ordered removed in 2000 on account of two felony convictions. Shortly after his removal, he reentered the United States unlawfully. In 2011, he was arrested by immigration officers and his removal order from 2000 was reinstated. He then asked the Board of Immigration Appeals to reopen his original removal proceedings. He argued that his initial removal was in error because he was prevented from seeking discretionary relief from removal in 2000, while intervening Supreme Court decisions show that discretionary relief should have been available to him back in 2000.

The Board denied his motion to reopen, finding that it was untimely and that the 90-day statutory deadline should not be equitably tolled to permit Zambrano-Reyes to reopen his removal eleven years later. The Board also found that the discretionary relief he sought was not available to him, despite the changes in the law, because he had reentered the country unlawfully. Zambrano-Reyes seeks review of the denial of his motion to reopen. We have jurisdiction to review his petition under 8 U.S.C. § 1252(a)(2)(D), but we agree with the Board that Zambrano-Reyes's unlawful reentry means he is not eligible for the relief he seeks. See 8 U.S.C. § 1231(a)(5) (barring reopening of removal proceedings); 8 C.F.R. § 1003.44(k)(2) (barring discretionary relief from removal).

I. *Factual, Legal, and Procedural Background*

Zambrano-Reyes is a citizen of Mexico who entered the United States in 1979 and was granted lawful permanent resident status in 1989. In 1993, he pled guilty to two felony counts of aggravated sexual abuse of a minor. He was sen-

tenced to six months in prison and four years of probation. These convictions set the stage for the legal troubles that followed.

A. *Relevant Legal Background*

To understand the legal issues Zambrano-Reyes presents, we must begin with a brief history of the discretionary relief from removal that he seeks. Under section 212(c) of the Immigration and Nationality Act of 1952 (INA), if a lawful permanent resident left the United States and would have been excluded from reentering the country on one of the grounds listed in the statute, he or she could seek discretionary relief from that exclusion from the Attorney General. Pub. L. No. 82-414, § 212(c), 66 Stat. 163, 187. The Board of Immigration Appeals made that discretionary relief available to lawful permanent residents who were subject to being deported, in addition to those subject to exclusion. See *Matter of S—*, 6 I. & N. Dec. 392, 396 (BIA 1954); *Matter of Silva*, 16 I. & N. Dec. 26, 27 (BIA 1976).[1]

In 1996 Congress twice amended the relevant portions of the INA. The first amendment barred discretionary relief under section 212(c) for those who had committed certain criminal offenses. See Antiterrorism and Effective Death Penalty Act of

---

[1] Under immigration law, an alien is "excludable" or "inadmissible" if the government may prevent him or her from entering or reentering the United States. Both terms are also used to describe an alien who is removable because he or she is present in the United States without having been lawfully admitted. See 8 U.S.C. § 1182(a) (setting forth the grounds of inadmissibility). "Deportation" or "removal" refers to the removal of an alien who falls into any of the classes of "deportable aliens" under 8 U.S.C. § 1227(a).

1996 (AEDPA), Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1277. Congress then eliminated section 212(c) relief altogether, replacing it with another form of discretionary relief—"cancellation of removal"—which is not available to permanent residents who have been convicted of an "aggravated felony." Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, § 304(a), 110 Stat. 3009-546, -594; cancellation of removal codified at 8 U.S.C. § 1229b(a).

AEDPA and IIRIRA did not specify whether or how their new bars to discretionary relief under section 212(c) would apply to someone in Zambrano-Reyes's position—permanent residents who were convicted of disqualifying felonies before the new laws took effect. The Attorney General issued an opinion in 1997 stating that discretionary relief under former section 212(c) was not available in any removal proceedings occurring after AEDPA became effective. *Matter of Soriano*, 21 Op. OLC 1 (Op. Att'y Gen. 1997). Under the Attorney General's view in *Soriano*, even if a permanent resident had pled guilty to a disqualifying crime before AEDPA was passed, as Zambrano-Reyes had done, he was ineligible for section 212(c) discretionary relief. *Id.* at 6.

In 2000, though, five weeks before the Board affirmed the order to remove Zambrano-Reyes, we issued an opinion that departed from the Attorney General's view. We held that a permanent resident who had pled guilty to crimes in reliance upon the old section 212(c) discretionary relief could not be barred from that relief. *Jideonwo v. I.N.S.*, 224 F.3d 692, 700 (7th Cir. 2000). The next year, after Zambrano-Reyes had been removed and then returned illegally, the Supreme Court

similarly held that section 212(c) relief was available to permanent residents who pled guilty to crimes before AEDPA and IIRIRA that would have disqualified them from such relief under those new laws. *I.N.S. v. St. Cyr*, 533 U.S. 289, 326 (2001). Thus, *St. Cyr* meant that permanent residents who were removable on account of certain crimes could still seek discretionary relief if they pled guilty to the relevant crimes before AEDPA and IIRIRA became effective.

In evaluating such applications for relief in the wake of *St. Cyr*, the Board faced a further question. Though the text of the original section 212(c) applied only as relief from exclusion but not from deportation, it had been applied to both. Yet exclusion and deportation have separate statutory lists of grounds for those respective consequences. Compare 8 U.S.C. § 1182(a) with § 1227(a). The Board needed a way to determine if a permanent resident subject to deportation on grounds listed in that statute section could be eligible for relief under the exclusion statute.

As we explained in the companion criminal case, *United States v. Zambrano-Reyes*, No. 12-1524, — F.3d —, 2013 WL 3871002 (7th Cir. July 29, 2013), in 2005 the Board decided that section 212(c) discretionary relief would be available to a permanent resident subject to removal only if the statutory ground of removal with which the permanent resident was charged comprised a range of offenses that was "substantially equivalent" to the range of offenses covered by a statutory ground of exclusion. See *In re Blake*, 23 I. & N. Dec. 722, 728 (BIA 2005); *In re Brieva-Perez*, 23 I. & N. Dec. 766, 772-73 (BIA 2005). We affirmed this approach, known as the "comparable

grounds" rule. See, *e.g.*, *Frederick v. Holder*, 644 F.3d 357, 363 (7th Cir. 2011); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 692-93 (7th Cir. 2008). But in 2011, after the Board had reinstated Zambrano-Reyes's removal order and after he had pled guilty to a new 2011 indictment for unlawful reentry under 8 U.S.C. § 1326(a), the Supreme Court rejected the "comparable grounds" rule as arbitrary and capricious and effectively overruled those decisions. *Judulang v. Holder*, 132 S. Ct. 476, 490 (2011).

In sum, only after *St. Cyr* was it settled that discretionary relief from removal was available to a permanent resident like Zambrano-Reyes who had pled guilty to certain criminal offenses that made him removable prior to AEDPA and IIRIRA, and only after *Judulang* was the path to seeking discretionary relief clear for a permanent resident whose criminal offenses rendered him removable based on a category that did not have a "comparable ground" in the list of grounds for exclusion.

B.  *Zambrano-Reyes's Case*

In November 1997, immigration authorities issued Zambrano-Reyes a Notice to Appear for removal proceedings and charged him as removable for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). He hired an attorney to represent him. At his removal hearing on June 23, 1998, the immigration judge determined that Zambrano-Reyes was removable because of his convictions for sexual abuse of a minor. The judge also ruled that, in light of the Attorney General's *Soriano* opinion, Zambrano-Reyes was not eligible for the discretionary relief from removal that would

have been available to him under section 212(c) prior to enactment of AEDPA and IIRIRA. Zambrano-Reyes appealed and the Board affirmed without opinion on September 29, 2000. Zambrano-Reyes did not seek judicial review, and he was removed to Mexico on November 13, 2000. He returned to the United States unlawfully sometime in January 2001. And as we explain below, that unlawful reentry has decisive consequences here.

Zambrano-Reyes apparently avoided detection for years, but he was arrested by immigration officers in June 2011. The Department of Homeland Security reinstated his original removal order that was affirmed by the Board in 2000. AR 1922. He did not contest his removability. On July 19, 2011, he was also indicted for illegal reentry in violation of 8 U.S.C. § 1326. Zambrano-Reyes pled guilty to the illegal reentry charge.

After *Judulang* was decided, and before he was sentenced in his criminal case, Zambrano-Reyes filed a motion to withdraw his guilty plea and challenged the legality of the 2000 removal order. He argued that he was wrongly deprived of the opportunity to seek discretionary relief under section 212(c) in his removal proceedings in 1998 because *St. Cyr* later overruled the Board and held that such discretionary relief was available to someone in his position. He also argued that, since his ground for removability did not have a counterpart in the statutory grounds for exclusion, he was still barred from seeking such relief until *Judulang* rejected the comparable grounds rule in 2011. He argued that only after *Judulang* was the path clear for him to seek discretionary relief. The district court denied the motion. Zambrano-Reyes appealed, and we

affirmed. See *United States v. Zambrano-Reyes*, No. 12-1524, — F.3d —, 2013 WL 3871002 (7th Cir. July 29, 2013).

On May 14, 2012, Zambrano-Reyes filed a motion with the Board to reopen his removal proceedings. He argued that his prior immigration attorney had provided ineffective assistance by failing to request explicitly a section 212(c) waiver during his removal proceedings and by failing to advise him that such relief might be available to him. Alternatively, he urged the Board to reopen his removal proceedings *sua sponte* in light of *St. Cyr* and *Judulang*. He also filed an emergency motion to stay his removal. The Board denied the motion, though, and Zambrano-Reyes was removed to Mexico on May 22, 2012.

On July 16, 2012 the Board denied the motion to reopen. The Board found that Zambrano-Reyes's motion to reopen was untimely. It was filed more than eleven years after his original removal order was entered, long past the statutory 90-day deadline for moving to reopen removal proceedings. See 8 U.S.C. § 1229a(c)(7)(C)(i). The Board declined to apply equitable tolling to that deadline, which it may do when the petitioner has exercised due diligence, meaning that a reasonable person in that position would not have been aware of the possibility that he or she had suffered an injury and could not reasonably have been expected to file earlier. App. 4, citing *Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006) (equitable tolling "requires a showing of due diligence"); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005) (the test for equitable tolling "is whether the claimant could reasonably have been expected to have filed earlier"). The Board found that Zambrano-Reyes did not exercise due diligence and could

reasonably have been expected to file sooner because he indicated that he thought at the time of his representation that his attorney was not satisfactory, and thus he should have known to move to reopen at that time. In the alternative, the Board found that Zambrano-Reyes's attorney was not ineffective, stating that it could not "conclude that the respondent's former attorney acted ineffectively by not advising the respondent to pursue this form of relief." *Id*. The Board also declined to reopen his removal order *sua sponte*, finding that even with the changes from *St. Cyr* and *Judulang*, Zambrano-Reyes would not be eligible for reopening or discretionary relief because of his unlawful reentry into the United States. See 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 1003.44(k)(2). Zambrano-Reyes now petitions for review of the Board's denial of his motion to reopen his removal proceedings.

II. *Analysis*

   A. *Jurisdiction*

We have jurisdiction to review the Board's denial of Zambrano-Reyes's motion to reopen, though that conclusion takes a bit of an explanation. To summarize, we have jurisdiction to review a denial of a motion to reopen so long as we would have jurisdiction to review the underlying order. We would have jurisdiction over Zambrano-Reyes's original removal order because he claims that it involved constitutional and legal error. Our jurisdiction does not mean, however, that relief on the merits could be available.

Appellate courts ordinarily have jurisdiction to review the Board's denial of a motion to reopen. See *Kucana v. Holder*, 558 U.S. 233, 248-54 (2010) (courts have jurisdiction over

motion to reopen where Board's decision on the motion is committed to agency discretion by regulation rather than by statute); see also *Tapia-Lemos v. Holder*, 696 F.3d 687, 689 (7th Cir. 2012) ("Denial of a *bona fide* motion to reopen is reviewable under 8 U.S.C. § 1252(a)."). But *Kucana* left open the question "whether review of a reopening denial would be precluded if the court would lack jurisdiction over the alien's underlying claim for relief." *Kucana*, 558 U.S. at 250 n.17. In this circuit, the default answer is that "we do not have jurisdiction over the motions to reopen or reconsider if we lack jurisdiction over the underlying order." See *Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012). Thus, we have jurisdiction to review the Board's denial of Zambrano-Reyes's motion to reopen his removal order only if we would have jurisdiction to review the Board's 2000 removal order itself.[2]

Our jurisdiction extends to Zambrano-Reyes's original removal order to the extent that he argues on judicial review that it involved constitutional or legal error. Section 1252(a)(2)(D) of Title 8 of the U.S. Code provides that "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates

---

[2] There is an exception to our default rule. Judicial review of procedural motions "is foreclosed only if the agency's rationale for denying the procedural request also establishes the petitioner's inability to prevail on the merits of his underlying claim." See *Cruz-Mayaho*, 698 F.3d at 576–77 (internal quotations omitted), citing *Calma v. Holder*, 663 F.3d 868, 876 (7th Cir. 2011). But we held in *Moral-Salazar v. Holder*, 708 F.3d 957, 961–62 (7th Cir. 2013), that the *Calma* exception did not apply where the underlying order was a removal order that would be barred from review because it was entered on account of an aggravated felony. Zambrano-Reyes's was such a removal order, so the *Calma* exception does not give us jurisdiction here.

judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review … ." 8 U.S.C. § 1252(a)(2)(D). This exception applies to nearly all limits on jurisdiction in the INA, including two that would otherwise apply to Zambrano-Reyes. First, it expressly applies to section 1252(a)(2)(C), which would otherwise bar our review of Zambrano-Reyes's removal order because it was on account of an aggravated felony. See *Alvarado-Fonseca v. Holder*, 631 F.3d 385, 389 (7th Cir. 2011) (section 1252(a)(2)(D) allowed jurisdiction to review order removing alien convicted of committing an aggravated felony despite section 1252(a)(2)(C)).

Second, section 1252(a)(2)(D) also applies to our jurisdiction despite 8 U.S.C. § 1231(a)(5), which provides that if an alien who was removed reenters the United States illegally, as Zambrano-Reyes did, the order of removal "is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5). Section 1252(a)(2)(D) applies to all "other provision[s] of this chapter (other than this section)," which includes section 1231(a)(5). 8 U.S.C. § 1252(a)(2)(D).[3]

---

[3] Other circuits have found that section 1252(a)(2)(D) can override section 1231(a)(5) to the extent the latter might otherwise bar appellate jurisdiction. See, *e.g.*, *Villegas de la Paz v. Holder*, 640 F.3d 650, 656 (6th Cir. 2010) (collecting cases and stating on direct review of reinstatement proceedings that "the circuit courts that have considered the interplay between § 1252(a)(2)(D) and § 1231(a)(5) have held that § 1252(a)(2)(D) re-vests the circuit courts with jurisdiction over constitutional claims or questions of law raised in the context of reinstatement proceedings;") (quotations omitted). Although these cases addressed jurisdiction to review an underlying removal order as a challenge to the order's reinstatement,

(continued...)

Zambrano-Reyes has raised constitutional and legal claims in his petition for review of the denial of his motion to reopen. He argues that he was denied due process in his original removal proceeding because he received ineffective assistance of counsel and that the Board erred in determining that his counsel was not ineffective. Although aliens in immigration proceedings do not have a Sixth Amendment right to the effective assistance of counsel, see *Pervaiz v. Gonzales*, 405 F.3d 488, 489–90 (7th Cir. 2005), they do "have a due-process right to a fair hearing." *Solis-Chavez v. Holder*, 662 F.3d 462, 466 (7th Cir. 2011), citing *Kay v. Ashcroft*, 387 F.3d 664, 676 (7th Cir. 2004) (in removal proceedings, "counsel's ineffectiveness may rise to the level of a due process violation if the alleged errors likely affected the outcome of the proceeding"). In holding as much, we have relied on the Board's "body of caselaw holding that an alien's due-process rights can be violated by his attorney's ineffective assistance in removal proceedings." *Solis-Chavez*, 662 F.3d at 466, citing *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) ("Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was

---

[3] (...continued)

section 1252(a)(2)(D)'s broad language should also apply to a motion to reopen a reinstated order. Some of the circuit cases cited by *Villegas de la Paz* endorsed (but did not actually apply) a "gross miscarriage of justice" exception to section 1231(a)(5). See, *e.g.*, *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008). We need not and do not endorse that standard for the purposes of this opinion. As we explain below, the potential availability of appellate jurisdiction does not mean that the Board or other immigration authorities could actually grant the relief that section 1231(a)(5) bars on the merits.

prevented from reasonably presenting his case."), overruling vacated by *Matter of Compean*, 25 I. & N. Dec. 1 (BIA 2009).

This is true even though an alien may not have a protected liberty interest in discretionary relief. "An alien resisting removal, which would deprive him of his liberty to remain in the United States, is entitled to due process, which comprehends the right to present a defense." *Jezierski v. Mukasey*, 543 F.3d 886, 889–90 (7th Cir. 2008) (internal citations omitted) (also acknowledging that there is no "entitlement to reopen on the basis of ineffective assistance of counsel," but finding that the complexity of an immigration case "in a particular removal proceeding might be so great that forcing the alien to proceed without the assistance of a competent lawyer would deny him due process of law"). But we have declined to find jurisdiction under section 1252(a)(2)(D) over petitions raising ineffective assistance of counsel claims where we found that the Board's denial of reopening rested on a finding that any ineffectiveness in counsel did not actually prejudice the petitioner. We have treated the question of prejudice as factual rather than legal or constitutional. *Jezierski*, 543 F.3d at 891 (finding no jurisdiction because Board's prejudice determination was factual, not legal, and petitioner did not allege infringement of constitutional right).

In this case, the Board determined that Zambrano-Reyes's counsel was not ineffective, which is a legal determination. It required analyzing the relevant controlling law on the retroactivity of AEDPA and IIRIRA at the time of Zambrano-Reyes's

removal proceedings, a task requiring legal analysis.[4] And to the extent that the Board also determined that any ineffective assistance did not prejudice Zambrano-Reyes, that finding would need to be reconsidered if the Board's initial legal determination was erroneous and thus does not defeat our jurisdiction. See *Sanchez v. Keisler*, 505 F.3d 641, 647-50 (7th Cir. 2007) (where discretionary determinations rested on Board's erroneous initial determination that counsel was not ineffective, no jurisdictional bar despite Board's alternate discretionary holdings).

We conclude that our jurisdiction extends to Zambrano-Reyes's removal order because he raises a constitutional claim or legal question with regard to his underlying order of

---

[4] In denying Zambrano-Reyes's motion to reopen, the Board overlooked a significant legal development in our circuit shortly before its original affirmance of his removal order in 2000. The Board wrote in 2012: "At the time of the respondent's hearings before the Immigration Judge and during the pendency of his appeal to this Board, the controlling law indicated that he was not eligible for a section 212(c) waiver." App. 4, citing *Matter of Soriano*, 21 Op. OLC 1 (Op. Att'y Gen. 1997); *Turkham v. Perryman*, 188 F.3d 814 (7th Cir. 1999). As noted above, over a month before the Board's order affirming Zambrano-Reyes's order of removal on September 29, 2000, we held in *Jideonwo* that "where specific facts demonstrate that an alien pled guilty to an aggravated felony before the enactment of AEDPA and relied, at least in part, on the availability of § 212(c) relief in making his decision to so plead, AEDPA's § 440(d) cannot be applied retroactively to bar that alien from receiving a discretionary waiver under INA § 212(c)." 224 F.3d at 700. As we noted in the companion case, *United States v. Zambrano-Reyes*, — F.3d —, No. 12-1524, 2013 WL 3871002, slip op. at 8–9 (7th Cir. July 29, 2013), this would have been a strong argument for a motion to reopen at the time. But Zambrano-Reyes's decision to reenter the United States illegally had the effect of blocking any relief he might have sought on this basis.

removal. Under *Kucana* and our default rule, we thus have jurisdiction to review the Board's denial of his motion to reopen that order of removal.[5] Because he raises constitutional and legal claims, our jurisdiction also extends to the Board's refusal to reopen Zambrano-Reyes' removal proceedings *sua sponte*. See *Anaya-Aguilar v. Holder*, 697 F.3d 1189 (7th Cir. 2012) (bar on review of motions to reopen *sua sponte* does not apply where petitioner raises constitutional or legal claims), denying reh'g of 683 F.3d 369 (7th Cir. 2012). The potential obstacles to our jurisdiction here do not overcome the "strong presumption in favor of judicial review of administrative action." *St. Cyr*, 533 U.S. at 298 & n.9 (collecting cases).

B. *Merits of the Denial of the Motion to Reopen*

Although we have jurisdiction, we must deny Zambrano-Reyes's petition on the merits. The Board gave three reasons for denying Zambrano-Reyes's motion to reopen: first, that he was not entitled to equitable tolling of the deadline of his motion to reopen; second, that he did not show that his former attorney was so ineffective as to impinge on the fundamental fairness of his proceedings; and third, that his case did not involve "exceptional circumstances" such that the Board would

---

[5] In *Moral-Salazar v. Holder*, 708 F.3d 957, 961-62 (7th Cir. 2013), we declined to extend "*Kucana* to removal orders where an alien has been convicted of a crime covered by the jurisdictional bar in subsection (C)," and we interpreted the phrase "final order of removal" in subsection (C) to "encompass not only the actual removal order, but all decisions closely related to the proceeding"). But *Moral-Salazar* did not reject the application of section 1252(a)(2)(D)'s exception to subsection (C)'s jurisdictional bar. We noted that "[n]otwithstanding subsection (C)'s jurisdictional bar, we would have jurisdiction to review any legal and constitutional issues that Moral raises," but found that he had raised none. *Id*. at 962.

reopen his proceedings *sua sponte*. The Board's reasoning on the third point is sufficient to deny Zambrano-Reyes's petition on all grounds. Because of his unlawful reentry after his removal, Zambrano-Reyes is simply barred as a matter of law from the discretionary relief and the reopening of his removal proceedings that he seeks.

The Board found that, even though *St. Cyr* and *Judulang* cleared two obstacles to Zambrano-Reyes seeking section 212(c) discretionary relief, one obstacle remained that could not be overcome: his illegal reentry. A regulation establishes procedures for former permanent residents such as Zambrano-Reyes, who were subject to removal on account of guilty pleas to crimes prior to the enactment of AEDPA and IIRIRA, to seek section 212(c) discretionary relief in light of *St. Cyr*. 8 C.F.R. § 1003.44. Under this regulation, aliens who have been "issued a final order of deportation or removal who then illegally returned to the United States" are not eligible to apply for such relief. 8 C.F.R. § 1003.44(k)(2). In denying Zambrano-Reyes's motion to reopen, the Board cited this regulation and concluded that even when the law changed under *St. Cyr*, Zambrano-Reyes "was not entitled to reopening of his proceedings because he had returned to this country illegally." That provision of the regulation implements 8 U.S.C. § 1231(a)(5), which provides that a prior order of removal "is not subject to being reopened or reviewed" if the alien has reentered the United States illegally. See 69 Fed. Reg. 57826-01, 57827 (Sept. 28, 2004) (final rule); 67 Fed. Reg. 52627, 52629 (Aug. 13, 2002) (proposed rule).

We agree with the Board that 8 C.F.R. § 1003.44(k)(2) bars Zambrano-Reyes from seeking section 212(c) discretionary

relief because of his illegal reentry, despite the later developments in *St. Cyr* and *Judulang*. In publishing the rule, the Department of Justice commented that "the decision to preclude aliens under a deportation or removal order from obtaining section 212(c) relief is grounded in Congress's intent to limit its availability to those not under deportation orders." 69 Fed. Reg. at 57828. The Sixth Circuit has held that 8 C.F.R. § 1003.44(k)(2) barred a permanent resident from seeking section 212(c) relief where he was subject to a final order of removal and his reentry into the United States was only for the purpose of standing trial. See *Mansour v. Gonzales*, 470 F.3d 1194, 1200 (6th Cir. 2006). Here, there is no question that Zambrano-Reyes entered the country unlawfully after having been removed pursuant to a final order of removal. Under 8 C.F.R. § 1003.44(k)(2), even if the Board were to reopen Zambrano-Reyes's removal proceedings, the discretionary relief he seeks would still not be available to him.

The Board correctly stated that Zambrano-Reyes is "not entitled to reopening of his proceedings because he had returned to this country illegally." The Board cited section 1003.44(k)(2) for this proposition. To be precise, the regulation itself does not expressly state that illegal reentry bars *reopening*, but it clearly has that consequence. The statute that the regulation implements specifically bars review or reopening after illegal reentry: if an "alien has reentered the United States illegally after having been removed … the prior order of removal is reinstated from its original date and *is not subject to being reopened or reviewed*." 8 U.S.C. § 1231(a)(5) (emphasis added).

Thus, although section 1231(a)(5) does not bar jurisdiction over Zambrano-Reyes's petition for judicial review, it shows on the merits that his removal proceeding cannot be reopened. Any remand would be futile. The Board could not reopen his proceeding, and he is ineligible for the relief he seeks. "We need not remand an immigration case where doing so would prove futile." *Marin-Garcia v. Holder*, 647 F.3d 666, 672 (7th Cir. 2011).

## III. *Conclusion*

Regardless of *St. Cyr* and *Judulang*, Zambrano-Reyes is barred from section 212(c) discretionary relief and his removal proceedings may not be reopened because of his illegal reentry. We need not reach his other arguments against the Board's decision. The petition is denied.