**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 29, 2014
Decided May 28, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-3137

| | |
|---|---|
| WAHEEDA MOTWANI PATEL, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A076 770 776 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**O R D E R**

Waheeda Patel, a 44-year-old Indian national, petitions for review of the Board of Immigration Appeals' denial of her motion to reopen her removal proceeding on ineffective-assistance grounds. She filed her motion nearly a decade late, but attributed her untimeliness to her lawyer's mishandling of family- and employment-based visa applications. She also asserted that her lawyer did not explain to her the consequences of accepting voluntary departure, and as a result her acceptance was not knowing or intelligent. We deny the petition.

Ms. Patel entered the United States in 1994 on a six-month tourist visa and overstayed. In 2000 the government initiated removal proceedings against her. Ms. Patel hired immigration attorney Sakina Carbide to represent her.

At the same time as the removal proceeding, Ms. Patel pursued three avenues to stay in the country. First in April 2001, her sister, a U.S. citizen, petitioned for a family-based visa on her behalf that led to her being placed on a waiting list (Ms. Patel as an Indian citizen wouldn't become eligible for a visa on this basis until 2010). *See* 8 U.S.C. §§ 1153(a)(4), 1151(c). Second, in 2002 Ms. Patel's employer, Dunkin Donuts, applied (with Ms. Carbide's help) for a work visa for her, but the application eventually was denied because it failed to substantiate her purported classification as a "skilled worker." *See* 28 U.S.C. § 1153(b)(3)(A)(I). Third, also in 2002, Ms. Patel applied for asylum and withholding of removal based on fear of persecution if she returned to India because she was a Muslim married to a Hindu, but she later withdrew that application and instead sought voluntary departure. *See* 8 U.S.C. § 1101(a)(42)(A).

In July 2002, after a hearing, Immigration Judge James Fujimoto granted voluntary departure to Ms. Patel, who was then accompanied by Ms. Carbide.[1] The IJ warned Ms. Patel both orally and in writing that if she did not depart within 120 days, a removal order would be entered and she would not be eligible for certain forms of immigration relief for ten years. *See* 8 U.S.C. § 1182(a)(9)(A)(ii). Ms. Patel said at the hearing that she understood and accepted those terms.

Ms. Patel did not depart, however, and instead waited for her work-visa application to be resolved. Ms. Patel says that Ms. Carbide during this time was unhelpful and unresponsive, so in 2007 she replaced Ms. Carbide with current counsel, Shannon Shepherd. According to Ms. Patel, the work-visa application was denied in June 2010, and the denial was sent to Ms. Carbide, who did not inform her of the decision for two months—one month late to appeal the denial. *See* 8 C.F.R. § 103.3(a)(2)(i).

In October 2010, Ms. Patel moved to reopen her removal proceeding on the ground that Ms. Carbide had provided ineffective assistance of counsel. *See Matter of*

---

[1] The IJ's order of July 2, 2002, granting Ms. Patel voluntary departure but finding her removable constitutes an order of removal. *See* 8 C.F.R. § 1240.26(d). That order appears to have become final when Ms. Patel overstayed her voluntary departure deadline of October 30, 2002, and Ms. Patel does not argue otherwise. *See id.* § 1241.1(f).

*Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). She acknowledged that the motion was untimely (a motion to reopen must be filed within 90 days of the original removal order becoming final—here October 30, 2002, *see* 8 C.F.R. §§ 1003.23(b)(1), 1241.1(f)), but argued that the deadline for filing should be equitably tolled under *Pervaiz v. Gonazlez*, 405 F.3d 488, 490 (7th Cir. 2005), because of counsel's ineffectiveness. She alleged that Ms. Carbide did not explain to her the consequences of agreeing to a voluntary departure, misdescribed her position in her employment-based visa application, and failed to recognize when the family-based visa petition would ripen.

Immigration Judge Robert Vinikoor denied the motion on grounds that Ms. Patel knowingly accepted voluntary departure and then ignored the departure order. The IJ found "not credible" Ms. Patel's assertion that she did not know she had agreed to depart the United States or did not understand the consequences of failing to depart: "Judge Fujimoto spoke directly to the respondent and made clear that the respondent understood that she was agreeing to depart the United States voluntarily and that if she failed to depart voluntarily she would be deported under an order of removal." IJ Vinikoor also rejected as "disingenuous" Ms. Patel's allegations that her attorney was ineffective; the judge noted that Ms. Carbide had staved off Ms. Patel's departure for a period of years despite Ms. Patel having violated her non-immigrant status in 1995 by overstaying. Finally the IJ stated that the motion was untimely; Ms. Patel had essentially been an "abscondee" for eight years, and even if she had been misled by her attorney about the consequences of not departing, she had not exercised due diligence in waiting all this time to find out the result of her work-visa application.

The Board of Immigration Appeals upheld the IJ's decision. The BIA found "no clear error" in the IJ's disbelief of Ms. Patel's claim that she was not informed of the consequences of accepting voluntary departure. The Board also agreed with the IJ that Ms. Patel did not exercise due diligence in waiting eight years to file the motion to reopen, and added that she did not show exceptional circumstances to warrant sua sponte reopening, *see* 8 C.F.R. § 1003.23(b)(1); *J-J-*, 21 I. & N. Dec. 976 (B.I.A. 1997).

In this petition Ms. Patel asserts that the BIA misapprehended her ineffective-assistance claim by disregarding evidence that her attorney Ms. Carbide mishandled her employment- and family-based visa applications. She contends that the BIA failed to consider that Ms. Carbide botched the skilled-worker portion of her work-visa application and did not ask IJ Fujimoto to delay ordering her departure until she came off the waiting list for a family visa. Ms. Patel also maintains that her efforts to "follow

up" with Ms. Carbide and various governmental officials about the employment visa demonstrates due diligence sufficient to toll the deadline for reopening.

But the visa applications are irrelevant to Ms. Patel's request to reopen her removal proceedings based on ineffective assistance of counsel. Collateral developments such as separate visa applications are not part of the removal proceeding, and do not bear on counsel's performance during the proceeding. *Contreras v. Att'y Gen. of U.S.*, 665 F.3d 578, 585 (3d Cir. 2012); *Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050–51 (9th Cir. 2008).

Further, to establish ineffective assistance in an immigration proceeding, Ms. Patel would need to show prejudice, that is, that the alleged mishandling of the family- and employment-based visa applications resulted in a different outcome. *See Jezierski v. Mukasey*, 543 F.3d 886, 887–89 (7th Cir. 2008). But once she overstayed her tourist visa and was removable, she had no right to remain in the country, and the possibility that she might later qualify for family or employment visas was merely speculative. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973–76 (9th Cir. 2004) ("Removal proceedings do not become constitutionally unfair [due to ineffective assistance] simply because . . . the illegal alien might believe that he could avoid detection until eligible for another form of relief.") *Huicochea-Gomez v. INS*, 237 F.3d 696, 699–700 (6th Cir. 2001) ("It is too speculative for the Huicocheas to claim that but for [their lawyer's] legal advice, they would not be facing deportation or would have been granted the discretionary relief they are seeking[, when they] have conceded their removability . . . .").

Ms. Patel also contends that the BIA erred by declining to consider new evidence that she submitted about the employment-based visa application.  Ms. Patel submitted to the BIA documents from a 2010 disciplinary proceeding before the Illinois Attorney Registration and Disciplinary Commission against Ms. Carbide that documented Ms. Carbide's alleged mistakes in preparing the work-visa application. But the BIA is an appellate body that is not obligated to consider evidence never seen by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *De La Rosa v. Holder*, 598 F.3d 103, 108 n.2 (2d Cir. 2010); *Berte v. Ashcroft*, 396 F.3d 993, 997 (8th Cir. 2005). In any event, as already noted, the employment-based application is irrelevant to Ms. Patel's claim of ineffective assistance in her removal proceeding.

Finally Ms. Patel argues that the BIA abused its discretion by not adequately explaining why it declined to reopen her case sua sponte. But *Anaya-Aguilar v. Holder*, 683 F.3d 369, 373 (7th Cir. 2012), held that the BIA's discretionary decision not to reopen

an immigration proceeding on its own is unreviewable. Ms. Patel insists that denials of sua sponte reopenings are reviewable when the BIA misapplies a constitutional standard. *See Anaya-Aguilar v. Holder*, 697 F.3d 1189, 1190 (7th Cir. 2012) (denying petition for rehearing); *Cevilla v. Gonzales*, 446 F.3d 658, 661–62 (7th Cir. 2006). But the BIA never reached the constitutional question of the effectiveness of Ms. Patel's lawyer; rather, it denied the motion to reopen because it disbelieved Ms. Patel's excuses for the motion's tardiness.

Accordingly, the petition for review is **DENIED**.