**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 12, 2019
Decided June 19, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2981

| | |
|---|---|
| HERNEL SILAIS, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A 200 567 560 |
| | |
| WILLIAM P. BARR, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Hernel Silais, a Haitian citizen, seeks review of the denial of his untimely motion to reopen a removal proceeding. Because the Board of Immigration Appeals reasonably concluded that Silais failed to establish a valid reason to toll the 90-day deadline for his motion, we deny the petition for review.

This case is before us for a third time. Silais entered the United States in 2011 and requested asylum, withholding of removal, and protection under the Convention Against Torture. He claimed that he feared persecution by the Chimères (an armed, politically affiliated gang) if returned to Haiti. After a hearing, the Immigration Judge

denied relief because of inconsistencies in Silais's testimony and a lack of corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Specifically, the IJ faulted Silais for failing to attach affidavits from family members or coworkers that would corroborate his account of his run-ins with the Chimères and for failing to provide contemporaneous medical records supporting his claim that he need18-2981ed treatment for injuries. The Board upheld that decision in 2015, agreeing that Silais had not provided—or adequately explained the absence of—corroborating evidence for these critical aspects of his claim.

Silais petitioned for review, to no avail. *Silais v. Sessions*, 855 F.3d 736 (7th Cir. 2017). To Silais's argument that the IJ erred by not warning him in advance that particular corroborating evidence would be needed, we responded that a statute—the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(ii)—gives effective notice to all petitioners that the IJ may require corroborating evidence or demand an explanation for its absence at a hearing. *Id.* at 745–46 (*citing Darinchuluun v. Lynch*, 804 F.3d 1208, 1216 n.21, 1216–17 (7th Cir. 2015)).

More than 100 days after we issued our opinion, and two years after the Board's underlying decision, Silais filed a motion to reopen or reconsider his case. But a motion to reconsider must be filed within 30 days of the Board's mailing of its decision, 8 C.F.R. § 1003.2(b)(2), and a motion to reopen must be filed within 90 days of the entry of the challenged final administrative decision, *id.* § 1003.2(c)(2). Silais nonetheless argued that (1) a 2015 change in Board precedent warranted reopening under the Board's *sua sponte* power, *see id.* § 1003.2(a); and (2) the lack of meaningful advance notice that particular corroborating evidence would be required at the IJ hearing should equitably toll the deadline for later seeking to reopen. Silais further contended that the Board should reopen his case to consider "new" evidence, which included affidavits from family members that detailed the treatment that he received in Haiti. He claimed that this evidence was previously unavailable because he was estranged from his family and had a difficult time locating his very mobile sister.

The Board disagreed with Silais, reasoning that his untimely motion did not meet any statutory exception to the 90-day filing deadline. *See* 8 C.F.R. § 1003.2(c)(3). Equitable tolling, however, went unmentioned in the Board's decision. As for the supposed change in law that Silais relied on, *Matter of L-A-C-*, 26 I. & N. Dec. 516 (BIA 2015), the "new" precedent did not warrant *sua sponte* reopening because it actually reaffirmed that an IJ is not required to give an applicant advance, pre-hearing notice of what specific corroborating evidence will be required. *Id.* at 527. The Board added that

Silais had failed to explain why his motion to reopen the Board's 2015 decision could not have been filed sooner than 2017.

Silais turned to this court with a second petition for review. This time, however, the government moved to remand the proceedings to the Board for "further explanation" on the equitable-tolling question. We granted the government's motion.

Finally, in a new decision—the subject of this petition for review—the Board clarified its stance that Silais had not demonstrated the requisite diligence for equitable tolling. Specifically, Silais had not explained why he waited nearly two years after the Board's 2015 decision—and more than 100 days after this court issued its first decision in *Silais*, 855 F.3d 736—to file his motion. Silais had been on notice of the need for corroborating evidence since the IJ released its decision in 2014, the Board concluded, and nothing about the ensuing proceedings in this court changed that need. The Board again declined to exercise its authority to reopen the proceedings *sua sponte*, for the same reasons stated in its first denial. Once more, Silais petitioned this court for review.

Ordinarily, a petitioner must file a motion to reopen within 90 days of the Board's final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2); *Fuller v. Whitaker*, 914 F.3d 514, 519 (7th Cir. 2019). Here, the Board issued its final administrative decision (upholding the IJ's decision) in 2015, and Silais filed his motion to reopen two years later. Because Silais sought reopening long after the 90-day limit expired, his only recourse was to request that the Board equitably toll that deadline or use its *sua sponte* powers to help him. *Fuller*, 914 F.3d at 519.

Silais first argues that the Board's decision denying equitable tolling failed to analyze in sufficient detail whether the evidence that he now submits—affidavits from family members corroborating his tale of run-ins with the Chimères in the 2000s—was "previously unavailable." Our review of the Board's denial of equitable tolling is limited to correcting abuses of discretion. *Yusev v. Sessions*, 851 F.3d 763, 767 (7th Cir. 2017). To equitably toll the 90-day deadline, Silais needed to establish due diligence— that is, that he could not have reasonably been expected to file the motion to reopen earlier. *See El-Gazawy v. Holder*, 690 F.3d 852, 859 (7th Cir. 2012); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005).

In his motion to reopen, Silais averred that he did not know what sort of corroborating evidence would be required until the government briefed his first petition here in 2017. But as the Board explained when rejecting this argument, explicit

notice of the need for corroborating evidence came much earlier: when the IJ issued its decision in 2014, and again when the Board affirmed that decision in 2015. Nothing about the proceedings in this court updated the nature of the corroboration requirement or the Board's 2015 decision on that point.

Besides, even if the corroborating evidence that Silais attached to his motion really were unavailable in 2014 and before, he still failed to specify why it took him until 2017 to obtain these pieces of evidence. Not once before the IJ or the Board did Silais contend that he had tried to contact his sisters but was unable to do so. If he had made such a showing, this might be a different case. Additionally, Silais did not explain why it took him more than 90 days after we published our first decision to file his motion. Nor have those deficiencies been cured in his briefs. Thus, we cannot say that the Board abused its discretion in concluding that Silais failed to establish due diligence. *See Patel v. Gonzales*, 442 F.3d 1011, 1016 (7th Cir. 2006) (concluding that petitioner "did not have to acquire actual knowledge of all of the consequences of the Board's final order before the clock could start to run for equitable tolling purposes").

Silais also argues that the Board failed to analyze whether the "new" corroborating evidence was "previously unavailable" under 8 C.F.R. § 1003.2(c)(1). But that regulatory standard, if met, merely allows the Board to grant a motion to reopen *if* it was filed within 90 days of the underlying decision. *Id*. § 1003.2(c)(2). The Board's conclusion that Silais did not act diligently enough to warrant *sua sponte* reopening of its two-year-old decision could not, and did not, violate § 1003.2(c)(1). And the question before the Board was whether Silais had demonstrated diligence *since* 2015, so pointing to Silais's lack of argument about why he first gathered and submitted the evidence in 2017 was enough to support the Board's decision.

Relatedly, Silais contends that the Board erred by not using its *sua sponte* authority to reopen the proceeding. But we do not have the power to review the equities of the Board's decision to not exercise its *sua sponte* prerogative. *See Fuller*, 914 F.3d at 519 ("[T]here is no meaningful standard by which to evaluate the exercise of the Board's discretion, and consequently the merits of the Board's decision to deny a motion to reopen *sua sponte* are unreviewable."). To be sure, the court may review "a plausible constitutional or legal claim that the Board misapplied a legal or constitutional standard" in its decision on *sua sponte* reopening, *Anaya-Aguilar v. Holder*, 697 F.3d 1189, 1190 (7th Cir. 2012); 8 U.S.C. § 1252(a)(2)(D), but Silais has not made such an argument. And while he asserts that the Board's decision was so thinly reasoned that it violates

administrative law's basic requirement that an agency explain itself, the Board's reasoning was clear enough.

Silais then suggests that we overrule our decision in *Darinchuluun v. Lynch*, 804 F.3d 1208 (7th Cir. 2015), which held that advance, pre-hearing notice of a need for specific corroboration is not required. This decision, he argues, is inconsistent with the REAL ID Act's plain language and with international refugee law. Finally, he argues that the Constitution requires an IJ to give notice of the need for particular types of corroborating evidence. As the government notes, however, the place to litigate these issues was in Silais's first petition for review. Even setting aside the parties' dispute about whether Silais's interpretive theories are barred by issue or claim preclusion, they have no bearing on the narrow questions before us: whether Silais was entitled to equitable tolling on his motion to reopen, and alternatively whether the Board abused its discretion in declining to exercise its power to reopen *sua sponte*.

The Board did not abuse its discretion in declining to grant Silais's untimely motion to reopen. We therefore DENY the petition for review.