NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 23, 2019
Decided November 12, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-1492

| | |
|---|---|
| VICTOR MARTIN VILLA SERRANO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A073-360-777 |
| WILLIAM P. BARR, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Petitioner Victor Martin Villa Serrano seeks review of the Board of Immigration Appeals decision not to reopen or reconsider a final removal order entered and later reinstated against him. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

I.    *Background*

We addressed Villa's case recently in *Villa v. Barr*, 924 F.3d 370 (7th Cir. 2019). In brief, Villa was removed to his native Mexico under a final removal order issued in 2005

upon his conviction in state court for possessing cocaine. In 2007, he reentered this country unlawfully. The Department of Homeland Security apprehended Villa in 2018 and reinstated the 2005 removal order.

Villa has attacked the reinstatement from two directions. First, he petitioned for direct review of the reinstatement order in this court, which petition we dismissed in that earlier case. *Id.* at 375. Second, he asked the immigration judge to reopen or reconsider the 2005 removal order. The immigration judge denied the motion, and the Board of Immigration Appeals affirmed. This petition seeks review of that decision.

II.    *Analysis*

A.    *Jurisdiction*

We have jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(1); *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). "That jurisdiction … encompasses review of decisions refusing to reopen or reconsider such orders." *Mata*, 135 S. Ct. at 2154, citing 8 U.S.C. § 1252(b)(6). As the latter thus depends on the former, "we do not have jurisdiction over the motions to reopen or reconsider if we lack jurisdiction over the underlying order." *Cruz-Mayaho v. Holder*, 698 F.3d 574, 577 (7th Cir. 2012).

Our jurisdiction over the underlying 2005 order is limited by two statutory provisions: Villa's failure to appeal within thirty days of its entry, see 8 U.S.C. § 1252(b)(1) and *Cordova-Soto v. Holder*, 732 F.3d 789, 793 (7th Cir. 2013); and Villa's 2007 unlawful reentry and the resulting 2018 reinstatement of the 2005 order. See 8 U.S.C. § 1231(a)(5) and *Zambrano-Reyes v. Holder*, 725 F.3d 744, 749 (7th Cir. 2013).

Neither provision bars our review for constitutional or legal error, however. See 8 U.S.C. § 1252(a)(2)(D) and *Zambrano-Reyes*, 725 F.3d at 749, 751. Villa alleges legal error in the 2005 removal order by arguing that it was entered without jurisdiction and a nullity. Under § 1252(a)(2)(D), we would have jurisdiction to review the 2005 order for constitutional or legal errors and thus have jurisdiction to review to the same extent the denial of the motion to reopen or reconsider. *Zambrano-Reyes*, 725 F.3d at 751.

To the extent that Villa made, and the Board considered, an oxymoronic request for the Board to exercise its discretion to reopen his removal proceedings sua sponte, see 8 C.F.R. § 1003.2(a), our jurisdiction is narrowly circumscribed to reviewing, at the very most, whether the Board misunderstood the basis for the request. See *Malukas v. Barr*, 940 F.3d 968, 970 (7th Cir. 2019), citing *Fuller v. Whitaker*, 914 F.3d 514, 520 (7th Cir. 2019).

B.　　*Merits*

We review together the decisions of the immigration judge and the Board. *Zhakypbaev v. Sessions*, 880 F.3d 881, 883 (7th Cir. 2018), citing *Bathula v. Holder*, 723 F.3d 889, 897 (7th Cir. 2013). "We review the decision to deny a motion to reopen 'for an abuse of discretion, upholding it unless it was made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" *Bathula*, 723 F.3d at 903, quoting *Marinov v. Holder*, 687 F.3d 365, 368 (7th Cir. 2012).

The immigration judge concluded, and the Board affirmed, that § 1231(a)(5) renders Villa ineligible for the relief he seeks. That paragraph provides,

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and *is not subject to being reopened* or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

There was no abuse of discretion here. The Board "could not reopen [Villa's] proceeding, and he is ineligible for the relief he seeks," notwithstanding any equitable tolling of the deadline within which to move to reopen or reconsider. *Zambrano-Reyes*, 725 F.3d at 752; see also *Cordova-Soto*, 732 F.3d at 795–96 (reaching same result in case presenting many of the same equities as Villa's).

To the extent that the Board held § 1231(a)(5) destroyed its regulatory discretion to reopen sua sponte, Villa has not shown that the Board mischaracterized the basis for his sua sponte reopening request.

Villa also contends that § 1231(a)(5) does not bar reopening or review in his case because there was never a "prior order of removal." The 2005 order purporting to be a final order of removal was a nullity, argues Villa, because the statutory procedure for initiating removal proceedings was not complied with. See 8 U.S.C. § 1229(a)(1)(G)(i) (notices to appear must contain "time and place" at which removal proceedings will be held); 8 C.F.R. § 1003.14(a) ("Jurisdiction vests" in immigration court when notice to appear filed). However, we have recently held that a failure to comply with the time

and place requirements of § 1229(a)(1)(G)(i) is not a jurisdictional defect but only a claim-processing error that can be waived or forfeited. *Ortiz-Santiago v. Barr*, 924 F.3d 956, 963 (7th Cir. 2019) ("A failure to comply with the statute dictating the content of a Notice to Appear is not one of those fundamental flaws that divests a tribunal of adjudicatory authority."), discussing among others *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Thus the 2005 removal order was not a nullity and § 1231(a)(5) bars its reopening or review.

Because it was not an abuse of discretion to deny Villa relief for which he is statutorily ineligible, Villa's petition is DENIED.